The Charles Baumbach Co. vs. Laube.

THE CHARLES BAUMBACH COMPANY, Respondent, vs. LAUBE, imp., Appellant.

*January 18 — April 12, 1898.*

*Mechanic's lien: Pleading: Conditions precedent: Amendment: Notice of claim.*

1. Performance of conditions precedent must be pleaded, and when performance of one condition is required and the circumstances are such as to require performance of another in lieu of it, not alleged, evidence to support such required performance, if objected to, should be rejected and the complaint dismissed unless amended so as to cure the defect; though if the evidence be received without objection, the complaint may be so amended on the trial, or the defect ignored on appeal, if raised there for the first time.

2. Under sec. 3315, R. S. 1878, relating to subcontractors' liens, notice in writing of the claim for a lien must be served on the owner or his agent within sixty days of the performance of the last work or furnishing of the last material, or upon the agent of the owner

The Charles Baumbach Co. vs. Laube.

if to be found in the county; otherwise, the notice may be filed in the office of the clerk of the circuit court for the county, and if service of notice be alleged, the action cannot be sustained against objection, by proof that it was filed and that the circumstances existed making such filing effectual to preserve the lien. [Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Green county: JOHN R. BENNETT, Circuit Judge. *Reversed.*

Action to enforce a subcontractor's lien. The complaint was in the usual form and stated, among other things, by appropriate allegations, that on and between October 18, 1895, and January 16, 1896, plaintiff sold and delivered to Jacob Steinman, as principal contractor, at his request, certain building material consisting of glass, and performed work for him, to the amount and value of $715.69, all in and about the construction, repairing, and erection of a building for defendant *Laube*, on lands owned by him, which were particularly described; that the building material was furnished pursuant to a contract with said Steinman; that the work was performed upon, and the building material sold for use and actually used in the construction of, the building mentioned; that the last day of the performance of such work and the furnishing of such material was January 16, 1896, and that within sixty days thereafter plaintiff gave notice in writing to defendant *Laube* and the contractor, Steinman, which notice set forth the contract out of which the indebtedness arose, a statement of the work performed and material furnished, and that plaintiff claimed a lien for the amount due therefor under ch. 143, R. S. 1878, and the acts amendatory thereof. There were further necessary allegations in regard to the filing of the lien petition.

The answer contained a denial of the allegation of the complaint as to serving notice of the claim for a lien on the defendant *Laube;* also as to building material having been furnished and work done by plaintiff in the construction of

the building on and between October 18, 1895, and January 16, 1896; and an allegation that the last material furnished and work done was December 11, 1895. It took issue on the allegations of the complaint as to the amount and value of the material and work, and contained an allegation that the contract between defendant *Laube* and the contractor, Steinman, also the contract between the contractor, Steinman, and the plaintiff, called for French plate glass for the front of the building, and that the glass furnished was of an inferior grade of American plate glass, of which fact defendant *Laube* had no knowledge till about the time of the commencement of this action.

On the trial a jury was impaneled and sworn on the court's own motion. The proof showed that no notice in writing was served on the defendant *Laube*. Evidence was offered to show that *Laube* was not in the county where such service could have been made, and that in lieu thereof the notice was filed in the office of the clerk of the circuit court for the county. All of the evidence in that regard was received under objection, and the rulings admitting the same were duly excepted to. The point that plaintiff was confined to proof of service of a notice in writing, of a claim for a lien, as required by the statute, upon the defendant *Laube* under the allegations of the complaint, was preserved throughout the trial. The court offered to allow the plaintiff to amend the complaint in accordance with the facts, which was refused, plaintiff electing to stand on the complaint as originally drawn and served.

At the close of the evidence the court held that the facts were all established beyond dispute, and against the objection of defendant *Laube* directed the jury to render a verdict finding the facts as indicated by the court. A verdict was rendered accordingly, finding, in substance, that all of the allegations of the complaint were established, and also that the defendant *Laube* was not in the county where no-

tice of the claim for subcontractor's lien could have been
served upon him within the time required by law, and that
the notice of such claim was filed as required by the statute
in such cases in the office of the clerk of the circuit court for
Green county. The court adopted the verdict of the jury
as and for findings of fact in the case, and rendered judg-
ment accordingly. Exceptions were taken to preserve the
questions treated in the opinion.

For the appellant there were briefs by *A. S. Douglas* and
*Smith & Pierce,* and oral argument by *William Smith* and
*A. S. Douglas.*

For the respondent there was a brief by *Bloodgood, Kem-
per & Bloodgood,* attorneys, and *Fethers, Jeffris, Fifield &
Mouat,* of counsel, and oral argument by *M. G. Jeffris.*

The following opinion was filed February 8, 1898:

MARSHALL, J. By sec. 3315, R. S. 1878, as amended by
ch. 321, Laws of 1891, a subcontractor is entitled to a lien
upon condition that within sixty days after the performance
of the work or labor, or furnishing of the materials, for which
the lien is claimed, he gives notice in writing, to the owner
of the building, or his agent, of the property to be affected
by such lien, setting forth the facts required, if such owner
or agent can be found in the county; and otherwise that he
files such notice in the office of the clerk of the circuit court
for such county. The remedy thus given being wholly
statutory, strict performance of all the conditions precedent,
to entitle the subcontractor to it, is required. That must
be alleged in the complaint, and, unless admitted by the an-
swer or otherwise established by the evidence, the lien fails.
No citation of authority or extensive discussion of a rule so
elementary seems to be necessary. *Thompson v. Milwaukee,*
69 Wis. 492; *Dewey v. Fifield,* 2 Wis. 73. It may be stated
as a universal rule that where a right or remedy is given by
statute only upon the performance of certain conditions,

performance of such conditions must be alleged in the complaint and established on the trial, unless admitted by the pleadings. 4 Ency. of Pl. & Pr. 655, and cases cited; *Plum v. Fond du Lac*, 51 Wis. 393. It is not doubted but that in case of a variance between the allegations of the complaint. and the proof, where the evidence has been received without objection and shows that all the facts exist requisite to the enforcement of the remedy, the defect may be cured by amendment on proper terms on the trial, or disregarded on appeal if raised in the appellate court for the first time; but where there is a failure to establish performance of the condition alleged, evidence cannot be properly received against objection to show the performance of some other condition which will save the remedy, or such evidence considered if the same be received against objection, and proper exceptions taken. The proper course obviously is, in such circumstances, to amend the complaint in accordance with the facts. Plaintiff not only neglected but refused to do that; hence, as we view the statute, the case stands without proof of the performance of the condition, without which the action against the appellant cannot be maintained.

The contention that the statute provides three methods of serving notice in writing by the subcontractor: First, by personal service on the owner if found in the county; second, by service of the notice upon the agent of the property to be affected by the lien, if to be found in the county; third, by filing the notice in the office of the clerk of the circuit court of the county,— can only be maintained, as we view it, by reading into the statute language that is not there and resorting to judicial construction where the language is plain and its meaning unmistakable. That we cannot properly do. The language of the statute is: "If, within sixty days after performing such work or labor, or furnishing such materials, he shall give notice in writing to the owner or his agent, of the property,     .  . if to be found in the county,

and if said owner or agent cannot be found in such county, by filing a notice in writing, in the office of the clerk of the circuit court of said county. . . ." The words, " by filing a notice," etc., relate, obviously, to the words "give notice in writing," and not to the words "to the owner." Therefore, clearly, such filing is not sufficient, except on condition that notice in writing cannot be given to the owner or agent.

It is to be regretted that the error in the construction of the statute makes a reversal of a judgment necessary, where it is plain that the facts exist, entitling plaintiff to his lien and judgment; but well-settled rules of pleading cannot be ignored to avoid the consequences of wrong statutory construction.

It is contended by the appellant that the court erred in refusing to submit the issues on 'the evidence to the jury. Actions to enforce mechanics' or materialmen's liens under ch. 143, R. S. 1878, as amended, are suits in equity, with the added feature in sec. 3323, R. S. 1878, of the right of either party, on demand therefor, to have any issue of fact submitted to a jury, whose verdict thereon shall be conclusive. *Willer v. Bergenthal*, 50 Wis. 474. Such section plainly contemplates that the demand therein mentioned shall be made at the commencement of the trial, and that it shall specify, specifically, the issue or issues which the party desires to have submitted to the jury, so that such issue or issues may be covered by special questions to be answered by the jury in the form of a special verdict. If no such demand be made, the statutory right is thereby waived. Nevertheless, the court may, of its own motion, submit questions of fact to a jury, whose verdict in that case is advisory only. *Bartlett v. Clough*, 94 Wis. 196. No demand was made here by the appellant, before the commencement of the trial, for the submission of any particular issue or issues to the jury, nor was any demand whatever, at that time, made for a jury trial. The court impaneled a jury of its own motion. It

must be deemed to have been done, not under sec. 3323, R. S. 1878, but under sec. 2843, R. S. 1878, which expressly authorizes the court, in an equity case, to take the advice of a jury on questions of fact. When a jury is impaneled under the latter section, the court may, at any stage of the proceedings, withdraw the case entirely from the jury, or may, after they have rendered their verdict, set it aside and disregard it altogether. *Carroll's Will*, 50 Wis. 437; *Bartlett v. Clough, supra.*

From what has preceded it will be seen that the demand for the submission of issues to the jury, made at the close of the evidence, came too late. The right had been waived. The withdrawal of the case from the jury, by the court, even if it be true that the evidence was conflicting, was clearly a matter within the discretion of the court, and not subject to review on this appeal.

Numerous exceptions were filed to the findings of fact made by the court, all of which have received consideration without discovering any ground for disturbing any of such findings, under the rule that findings of fact by the trial court must prevail on appeal unless shown to be contrary to the clear preponderance of the evidence.

It follows that the judgment of the circuit court must be reversed and the cause remanded with directions to dismiss the complaint as to the appellant and his property, and to render judgment in his favor for costs to be taxed, unless, within thirty days after notice in writing to the plaintiff's attorneys, of the filing of the *remittitur* in the office of the clerk of the circuit court for Green county, it obtains leave of the trial court, on such terms as it may deem equitable, to amend the complaint so as to allege performance of the condition precedent in respect to the filing of the notice, in writing, of the subcontractor's claim for a lien, in the office of the clerk of the circuit court for Green county, and the existence of the condition rendering such filing proper under

the statutes governing the subject. In case such amendment is made, the trial court is directed to render judgment in accordance with the findings and conclusions of the court. Costs in this court in favor of the appellant are limited to clerk's fees, attorney's fees, and $25 for printing.

BARDEEN, J., took no part.

A motion for a rehearing was denied April 12, 1898.