Olson, Respondent, vs. Peabody, Appellant.

*April 19—May 10, 1904.*

*Justices' courts: Replevin: Affidavit: Mistakes in names of parties: Affidavit for removal: Parties: Clerical error in judgment.*

1. An affidavit for replevin, naming "Charles Oleson" as plaintiff, is not insufficient because signed "Charley Olson," where there is no doubt, upon the record, that the person who subscribed the affidavit, as certified by the justice who issued the warrant, was the person whom such justice intended to name in the body of the affidavit.

2. That an affidavit for replevin stated defendant's first name as "Wimmiam," while in the warrant and in fact it was "William," is not fatal to the jurisdiction of the justice, where the defendant duly appeared in the action.

3. An affidavit for the removal of a cause from a justice on the ground of prejudice, filed by one defendant for and on behalf of himself and the other defendants named in the title thereof, is sufficient for the removal, as against the affiant, whether such other defendants were parties to the action at the time or not.

4. A mere clerical error in the findings and judgment in replevin, in mentioning the cattle seized on the writ and delivered to plaintiff as "six head" instead of seven, is not fatal to the judgment, where the true number appears by enumeration in the findings, and plaintiff is adjudged to be entitled to their possession.

APPEAL from the judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

It appears from the record that September 9, 1901, the plaintiff made and filed with a justice of the peace his affidavit to the effect that he was lawfully entitled to the possession of the personal property therein described, consisting of nine head of cattle, of the aggregate value of $150, and that the same had been unjustly taken and unlawfully detained by the defendant *Wm. H. Peabody,* and that the same had not been taken for any tax, nor seized on execution or attachment against the plaintiff. Thereupon the justice issued a warrant of replevin for the apprehension of such property, and said *Peabody* and Fred and Art Stockman were ordered to appear and answer. The defendant *Peabody* appeared before the justice, and filed an affidavit for and on behalf of himself and the other defendants for the removal of the cause to the county court on the ground of prejudice, and the cause was thereupon removed accordingly, September 13, 1901. The cause being at issue and tried in the county court, judgment was entered therein in favor of the plaintiff October 7, 1901. From that judgment the defendant *Wm. H. Peabody* appealed to the circuit court. July 1, 1902,

the circuit court, on motion of Fred and Art Stockman, dismissed the cause of action as to them, without costs, but refused to dismiss it as to the defendant *Wm. H. Peabody.*

A jury having been waived, the cause was tried by the circuit court, and at the close of the trial the court found as matters of fact, in effect, (1) that June 17, 1901, one Peter A. Boe and wife executed a promissory note, wherein they agreed to pay to the plaintiff $200, with interest at five per cent., (2) and, to secure the same, they executed and delivered to the plaintiff a chattel mortgage covering the property described in the affidavit of replevin, and other property; (3) that such property was at the time owned and in the possession of Peter A. Boe; that the mortgage was duly filed June 17, 1901; (4) that at the time of the service of the warrant of replevin no part of the note and mortgage had been paid, except $7 indorsed thereon August 27, 1901; (5) that September 5, 1901, the defendant *Wm. H. Peabody,* under and by virtue of an execution issued upon a judgment in favor of the Stockmans and against Peter A. Boe, levied and seized "one spotted red and white cow two years old, one spotted red and white steer one year old, one red steer one year old, one spotted red and white bull one year old, two heifer calves—one black and one spotted red and white—one spotted red and white bull calf, and one black bull calf;" that the property so seized by *Peabody* was of like description, mentioned in the chattel mortgage; that at the time of such seizure said property was in the possession of Peter A. Boe, and subject to the chattel mortgage; (6) that thereupon the plaintiff duly demanded the property so seized on execution from the defendant, but he denied the plaintiff's right to the same, and claimed the chattel mortgage to be invalid, and refused to return the cattle or deliver them up to the plaintiff; (7) that September 10, 1901, the plaintiff replevied all of the property so seized upon execution, "with the exception of the spotted red and white cow

two years old" mentioned and described in the mortgage; that after the trial in the county court, upon the giving of a proper undertaking by the plaintiff, the sheriff delivered to him all of the property so replevied, and the plaintiff now has the same in his possession; (8) that the value of the (six head of) cattle so seized by the sheriff under the writ of replevin, and so delivered to the plaintiff, was at the time of taking the same $84; that the value of the two-year-old spotted cow was at the time of seizure $35; (9) that there is no proof that the defendant unjustly took or unlawfully detained the red cow three years old, mentioned and described in the complaint; (10) that the damages sustained by the plaintiff by reason of such seizure and refusal to deliver upon demand, and for the detention to the time of delivery, is six cents.

And, as conclusions of law, the court found in effect (1) that September 5, 1901, the plaintiff had a lien upon said (seven head of) cattle so taken and seized by the defendant under the execution, and became, and was, and still is, entitled to the possession thereof, for the purpose of satisfying such lien; (2) that after the demand so made upon the defendant he unlawfully detained all of the property seized by him upon execution, and still continues to unlawfully detain the same; (3) that the plaintiff should have judgment herein for the possession of the (six head of) cattle so delivered to him by the sheriff, and for the return of the two-year-old red and white spotted cow so seized by the defendant, and, in case the return of said last-named cow cannot be had, then the plaintiff is entitled to judgment against the defendant for $35—the value of that cow; (4) that the plaintiff is entitled to recover six cents damages for the detention of said property; (5) that the plaintiff is entitled to his costs and disbursements herein.

From the judgment entered upon such findings accordingly, the defendant *Wm. H. Peabody* brings this appeal.

*E. B. Kinney,* for the appellant, contended, *inter alia,* that if the justice had jurisdiction it was lost by removing the action to the county court on the affidavit filed. That affidavit follows the warrant, but is not entitled in the action in which plaintiff's affidavit was made, in the action docketed by the justice, or in the action in which the judgment now appealed from was entered. It shows that it was intended to be used in an action in which the affiant was a codefendant with two others, and that was the action that was asked to be removed. The county court obtained no jurisdiction of the subject matter. Sec. 2836, Stats. 1898; *Widner v. Wood,* 19 Wis. 190; *Hager v. Falk,* 82 Wis. 644; *Henckel v. Wheeler & W. Mfg. Co.* 51 Wis. 363.

*James A. Frear,* for the respondent.

CASSODAY, C. J. It is claimed that the justice never got jurisdiction of the action, because the affidavit for the writ of replevin was not in compliance with sec. 3733, Stats. 1898. One criticism is that in the body of the affidavit the plaintiff is mentioned and referred to as "Charles Oleson," whereas it is signed "Charley Olson." It is difficult to tell from the record whether it is signed "Charley" or "Charles," but we will assume, for the purpose of this case, that it was signed "Charley Olson." The affidavit was sworn to before the justice who issued the warrant, and he certifies that it was "subscribed and sworn to before me [him]" on the day mentioned. There can be no doubt but that the person who so "subscribed and swore to" the affidavit was the person whom the justice intended to name in the body of the affidavit. The affidavit appears to have been made by the plaintiff in his own behalf, within the meaning of the section of the statute mentioned. Counsel's argument is based in part upon some supposed docket entries of the justice. But there is no bill of exceptions, and we do not feel at liberty to assume the existence of facts not of record in determining the question

thus presented. Another objection to the affidavit is that it mentions "Wimmiam" H. Peabody as the person who unjustly and unlawfully detained the property, instead of *"William"* H. *Peabody,* as mentioned in the warrant. It is enough to say that the defendant *William H. Peabody* thereupon appeared in the cause and made an affidavit for the removal of the same, and that such affidavit was entitled *"Charles Olson,* Plaintiff, vs. *William H. Peabody,* Fred Stockman, and Art Stockman, Defendants."

2.    The substance of the affidavit for removal is given in the foregoing statement, and there can be no reasonable doubt but that it was sufficient for the removal, whether the Stockmans be regarded as parties to the action at the time it was made or not. We find nothing in the record to indicate that the justice did not have jurisdiction to issue the writ of replevin, nor that the county court did not acquire jurisdiction by virtue of the removal.

3.    It is claimed that the description of the property is insufficient, and that the judgment only determines the right to a part of the property—contrary to the statutes in such case made and provided. Secs. 3742,3744, Stats. 1898. If such claim is well founded, then, of course, the judgment must be reversed upon the authorities cited by counsel. *Young v. Lego,* 38 Wis. 206; *Carrier v. Carrier,* 71 Wis. 111, 36 N. W. 626. The affidavit for the writ of replevin, which constitutes the complaint herein, describes nine head of cattle, including "one red cow three years old"; and by the ninth finding the court found that the defendant did not unjustly take nor unlawfully detain the "red cow three years old" mentioned and described in the complaint. That finding exonerated the defendant from all liability on account of the "red cow three years old." That left eight other head of cattle to be disposed of by the findings and the judgment. By the fifth finding of fact the court found that September 5, 1901, by virtue of the execution mentioned, the defendant

levied upon and seized the other eight head of cattle, described, while in the possession of Peter A. Boe and subject to the chattel mortgage. By the seventh finding the court found that September 10, 1901, by virtue of the writ of replevin, the sheriff seized and took into his possession "all of the said property so seized upon the execution by said *Peabody, with the exception of the spotted red and white cow two years old."* and finally delivered the same to the plaintiff, who still retained possession as therein found. Thus it appears that the sheriff seized on the writ of replevin, and took possession and turned over to the plaintiff, seven of the eight head of cattle mentioned in the fifth finding, and that he failed to get the "one spotted red and white cow two years old" mentioned in that finding. Nevertheless, the eighth finding mentions the cattle so seized by the sheriff on the writ of replevin—which were seven in number—as "six head," contrary to the finding itself. But such clerical error should not vitiate the finding or judgment. It is therein sufficiently found that the cattle actually seized by the sheriff on the writ of replevin—which were seven in number—were of the value of $84, and that the "two-year-old spotted cow" was of the value of $35. Such clerical error runs through the conclusions of law, and is found in the judgment. But it appears, from the findings and judgment, that the plaintiff is entitled to have and recover the possession of the "one two-year-old red and white spotted cow" mentioned, and six cents damages for the taking and detention thereof, with costs, or, if delivery thereof cannot be had, then that the plaintiff recover $35, the value of such cow as found, and such costs and damages; and it was therein further ordered and adjudged that the plaintiff was "entitled to the possession" of the "cattle so delivered to him by the said sheriff, as appears in the findings in the case," and which are therein erroneously mentioned as "six head." Certainly, the defendant is not aggrieved by such clerical error in the

findings and judgment.    Sec. 3048, Stats. 1898; *McGregor v. Pearson,* 51 Wis. 122, 8 N. W. 101; *Hogan v. La Crosse,* 104 Wis. 106, 80 N. W. 105; *Larson v. Oisefos,* 118 Wis. 368, 95 N. W. 399.    We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.