SPAFFORD, Respondent, vs. McNALLY and wife, Appellants.

*January 11—January 29, 1907*

*Mechanics' liens: Right of trial by jury: Appeal and error: Review: Harmless error: Damages: Modification of judgment on appeal: Costs.*

1. Under sec. 3323, R. S. 1878, any issue of fact in an action to enforce a mechanic's lien was, on demand of either party, triable by a jury, whose verdict was thereby made conclusive as in other cases. This section was amended by ch. 80, Laws of 1897 (sec. 3323, Stats. 1898), so that at present such actions are deemed equitable and any issue of fact therein may be referred by the court as in other cases. *Held,* that by such amendment the right to trial by jury on demand, and the effect of their ver-

dict, were eliminated, and hence, in such an action, the im-
proper admission of evidence is not necessarily ground for re-
versal.

2. Where a mechanic is prevented from completing his contract by
acts of the owner, he is entitled to recover the contract price
less whatever it would have cost to have completed the work
when he was stopped.

3. Where the appellant has made no attempt in the court below to
correct a small error in computation of the damages awarded
on a breach of a contract to perform designated work at stipu-
lated prices, on reversal the error is regarded as having been
waived, and is not allowed to affect the question of costs in the
appellate court.

APPEAL from a judgment of the circuit court for Rock
county: B. F. DUNWIDDIE, Circuit Judge. *Modified and af-
firmed.*

This action was commenced January 18, 1905. The com-
plaint alleges, in effect, that the action is to foreclose a me-
chanic's lien for services rendered by the plaintiff as a mason
in the erection and construction of a dwelling house for de-
fendant on the land described under a contract made · and
entered into by and between the plaintiff and defendant a
short time prior to August 10, 1904, wherein and whereby
plaintiff was to do all the mason work, lay the cellar walls,
build and erect two chimneys, and do all the plastering there-
in, for which the defendant was to pay the plaintiff for the
highest chimney thirty-five cents per foot and thirty cents per
foot for the lowest chimney, and eleven cents per square yard
for putting on two brown coats and a hard finish coat of plas-
tering on the walls of the dwelling; that in pursuance of such
agreement the plaintiff erected and constructed the cellar
walls and the defendant paid him in full therefor; that he
built two chimneys, one of which was twenty-four feet high
and the other twelve feet high, and that he employed a man
to help and assist him in doing the work; that the plaintiff
put two coats of brown plastering on the walls of such dwell-
ing house and prepared the plaster for a coat of hard finish
and left said walls so as to enable him to put the coat of hard

finish thereon; that October 27, 1904, the plaintiff and his helper so employed were at said dwelling house for the purpose of putting said hard-finish coat of mortar and offered and proposed to complete said work as agreed, but the defendant wholly refused to allow him to do so or to remain on the premises; that the value of the services of himself and helper in the erection and construction of the highest chimney was $8.40 and of the lowest chimney $3.60; that in plastering the walls plaintiff put on about 1,000 yards of plastering, and the value of such services in putting the same on was $100; that in the completion of said contract plaintiff slacked and prepared the lime for the coat of hard finish; that he paid his helper and assistant for so preparing the said hard-finish coat $5, and for his time in going to said dwelling house October 27, 1904, $2; that his own time in going there on that day was of the value of $3.50; that the labor performed by himself and his assistant in the construction of the chimneys and plastering the walls was of the value of $122.50; that there was a balance due the plaintiff of $75.70, which the defendant has wholly refused to pay and refuses to perform his said agreement; that after the defendant so refused to allow plaintiff to put on said hard-finish coat of plaster the defendant and his wife accepted, occupied, and used said dwelling house and have continued to do so; that the plaintiff began said work prior to August 10, 1904, and performed the last of said work October 27, 1904; that the plaintiff's claim for a lien was filed November 7, 1904.

The answer expressly admits the making of the agreement as alleged, that the plaintiff built the cellar walls, and that the defendant had paid him therefor as alleged; also admits that the plaintiff built two chimneys as alleged; also admits that he put on the first two coats of plastering as alleged; and also admits that the claim for a lien was filed as alleged. The answer alleges that said contract was an entire contract, and that the plaintiff had neglected and refused to perform and complete the same by refusing and neglecting to put on the

hard-finish coat of plaster, and that the defendant was obliged to employ another person to complete and finish the work. Otherwise the answer consists of specific denials.

At the close of the trial the court found as matters of fact, in effect, that the allegations of the complaint were proven and true, and reiterates the same; and further, specifically found that after the plaintiff had prepared the plaster for said third coat of hard finish and had gone with his helper to said dwelling house for the purpose of completing such work, he was ready and willing and offered and proposed to proceed and finish said plastering as required by and in pursuance of said contract, and defendant, without cause, wholly refused to allow the plaintiff to complete said work and forbade him from finishing said plastering and requested him to leave the premises, and in pursuance of such request the plaintiff did leave such premises; that the defendant paid to plaintiff's helper to apply on such services $29, and wholly refused to pay to the plaintiff any other or further sum for said work; that the plaintiff spent fifteen and one-half days in building the chimneys and putting on the plaster and the same was reasonably worth $3.50 per day, making $54.25; that said helper spent in doing said work fifteen days and the same was reasonably worth $2.25 per day, making $34.75, making for the services of the plaintiff and his helper $89. Deducting therefrom the $29 paid to the helper left a balance of $60. As conclusions of law the court found that the plaintiff was entitled to judgment for said sum of $60, with costs and disbursements. From the judgment so entered both the defendants appeal.

*J. J. Cunningham,* for the appellants.
*A. A. Jackson,* for the respondent.

CASSODAY, C. J. The right to a mechanic's lien on real estate is given by the statutes (ch. 143, R. S. 1878 and Stats. 1898). By the Revision of 1878 any issue of fact in

such an action was, "on demand of either party," triable "by a jury, whose verdict thereon" was thereby made "conclusive as in other cases." Sec. 3323, R. S. 1878. In the case at bar the defendant insists that he was entitled to a jury trial. In making such contention counsel seem to have overlooked the amendment whereby that section of the statutes is made to declare that "such actions shall be deemed equitable and any issue of fact therein may be referred by the court as in other cases." Ch. 80, Laws of 1897, and sec. 3323, Stats. 1898. Even prior to that amendment such actions were held to be "suits in equity, with the added feature" in respect to a jury trial and the effect of a verdict. *Charles Baumbach Co. v. Laube,* 99 Wis. 171, 176, 74 N. W. 96; *Siebrecht v. Hogan,* 99 Wis. 437, 440, 441, 75 N. W. 71. By the amendment mentioned the right to a jury trial on demand, and the effect of a verdict therein, were eliminated. This action, being equitable in its nature, was, by virtue of the amendment mentioned, triable by the court without a jury. Being triable by the court without a jury, reversible error cannot be predicated upon the improper admission of testimony. As indicated in the statement of facts, the answer expressly admits, as alleged in the complaint, the making of the agreement upon which the action is based, the building of the two chimneys, and the putting on of the first two coats of plaster. In fact, the answer substantially admits that the plaintiff fully performed such contract on his part, except he had not put on the third coat of hard-finish plaster. If it be claimed that such full performance is not so admitted, still it is certainly so found by the court, and there is plenty of evidence to support such findings. The answer alleges the failure to put on the third coat of hard-finish plaster as a breach of contract on the part of the plaintiff. To the contrary the complaint alleges, and the court found in effect, that the plaintiff was at the building with his helper, ready, willing, and with the material fully prepared to put on such third coat of hard-

finish plaster, and when about to proceed to do the same, pursuant to the contract, the defendant, without cause, refused to allow the plaintiff to complete such work and forbade him doing so, and compelled him to leave the premises of the defendant. Such findings are abundantly supported by the evidence and must be regarded as having been established. The defendant has paid nothing to the plaintiff on the contract, except what he paid to the plaintiff's helper. Moreover, the defendant contends that the plaintiff is not entitled to recover any compensation in this action by reason of his failure to put on the third coat of hard finish.

Such being the facts it is certain the plaintiff is entitled to recover in this action. The only difficulty we have had in the case is to determine just what amount he is entitled to recover. He certainly is entitled to recover the contract price less whatever it would have cost him to complete the job when he was so stopped by the defendant. Neither party in the court below seems to have reached any definite and satisfactory conclusion. It is found that in preparing the material for the third coat of hard finish the plaintiff and his helper had performed services of the value of $10.50 prior to the time he was so stopped by the defendant; so that the putting on of the third coat of hard finish was well under way when the plaintiff was so stopped. It appears from the evidence that, on measuring the rooms and deducting the doors and windows, there were 864 square yards of the plastering, which at the contract price amounted to $95.04. This amount added to the contract price of the two chimneys made $107.04. Deducting from that amount the $29 paid to the helper, we have a balance of $78.04. The plaintiff concedes that the court allowed him $5.75 more than he was entitled to. In other words, the plaintiff concedes that he is only entitled to recover $54.25, which is $23.79 less than the plaintiff would have received under the contract if the defendant had permitted him to complete the work of putting on

the third coat of hard finish. In view of the services per-
formed by the plaintiff and his helper in preparing to put
on that coat of hard finish before he was stopped by the de-
fendant, we must hold that the $54.25 so conceded is no more
than the plaintiff is entitled to recover in any view of the case.

It follows, therefore, that the defendant is in no way ag-
grieved by allowing the plaintiff to recover the amount last
stated. Sec. 3048, Stats. 1898; *Olson v. Peabody,* 121 Wis.
675, 681, 682, 99 N. W. 458. But the defendant made no
attempt in the court below to correct such error. That being
so, it must be regarded as having been waived, and hence is
not to affect the question of costs in this court. *Mahon v.
Kennedy,* 87 Wis. 50, 53, 54, 57 N. W. 1108; *Andresen v.
Upham Mfg. Co.* 120 Wis. 561, 566, 98 N. W. 518. In the
first of these cases there was a discrepancy of $7.85 and in
the other of $17.25.

*By the Court.*—The judgment of the circuit court is modi-
fied by reducing the amount of the plaintiff's recovery to
$54.25, and as so modified is affirmed.