Radford, Respondent, vs. Smith and wife, Appellants.

*March 14—April 3, 1912.*

*Pleading: Counterclaim: Mortgages: Foreclosure: Agreement to notify before bringing action: Validity: Consideration: Judgment: Variance from findings: Sale in parcels: Costs: Amounts paid for delinquent taxes: Appeal: Bill of exceptions: Costs on appeal.*

[1. Whether a defendant can plead a counterclaim, pay no further attention to it and ask no relief thereon from the court below, and then have relief on an appeal from the judgment because the court disregarded the counterclaim or refused relief upon it, not determined.]

2. In an action to foreclose a mortgage, an answer alleging that plaintiff had agreed that he would not bring such an action without giving notice of his intention so to do, and "that the defendants' damages by reason of the failure to give them reasonable notice of intention to bring this action as plaintiff agreed to do is $200, and the same is pleaded as a counterclaim against the plaintiff's demand upon the note and mortgage in suit," does not properly plead a counterclaim.

3. An agreement not to bring a foreclosure action without giving prior notice to the mortgagor is void where no time of forbearance is agreed upon and there is no consideration.

4. In a foreclosure action the court found that the mortgaged premises were a homestead and could not be sold in parcels without injury to the interests of the parties. The judgment provided that the premises "or so much of them as may be sufficient to raise the amount due . . . and which may be sold separately without material injury to the parties interested, be sold," etc. *Held*, that there was no prejudicial variance from the finding.

5. Where the plaintiff in an equitable action demands costs and the court concludes and orders that the plaintiff is entitled to the relief demanded, he is entitled to judgment for costs without any further or more specific direction by the court.

6. In a foreclosure action, inclusion in the judgment of the amount paid by plaintiff for delinquent taxes cannot be held error in the absence of any bill of exceptions.

7. Where the only prejudicial error in a judgment was a mistake in amount, which would obviously have been corrected upon request and without any appeal, no costs should be allowed to appellant in the supreme court.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Modified and affirmed.*

This action was brought to foreclose a mortgage on the homestead of the defendants. The execution and delivery of the note and mortgage were admitted, and the defense set up was that since the maturity of the note the defendant *Chas. D. Smith* informed plaintiff that he was making every effort possible to raise the money; that the defendant *Chas. D. Smith* offered at various times to pay the note before it became due and plaintiff declined to receive payment, and that plaintiff agreed that he would not bring foreclosure action without giving notice to the defendants of his intention so to do, but did commence action without giving either of the defendants notice. The defendants further allege "that the defendants' damages by reason of the failure to give them reasonable notice of intention to bring this action as plaintiff agreed to do is $200, and the same is pleaded as a counterclaim against the plaintiff's demand upon the note and mortgage in suit."

There was no reply to this so-called counterclaim. The defendants offered no evidence, did not appear in the action on the hearing or in any manner present the counterclaim to the court for adjudication or make any motion upon it, and the court made no finding upon it, and obviously it was not considered in the findings or judgment. The court made and filed its findings of fact and conclusions of law, and among other findings found that there were $250.66 delinquent taxes which had been paid or redeemed by the plaintiff, and further made the usual findings of fact and conclusions of law, and judgment was rendered thereon; but in the rendition of judgment $400.12 as delinquent taxes redeemed by the plaintiff were inserted instead of $250.66. From this judgment defendants appealed.

There was a finding by the trial court that "the mortgaged premises constitute the homestead of the defendants . . . and that said premises are so situated that they cannot be sold in parcels without injury to the interests of the parties, and that a sale of the whole will be most beneficial to them." The judgment provided "that the mortgaged premises . . . or so much thereof as may be sufficient to raise the amount due to the plaintiff . . . and which may be sold separately without material injury to the parties interested, be sold," etc.

For the appellants there was a brief by *Charles D. Smith* and a reply brief signed by *Charles D. Smith,* in person, and *Charles E. Hammersley,* of counsel; and the cause was argued orally by *Mr. Hammersley.*

For the respondent the cause was submitted on the brief of *H. E. Swett.*

KERWIN, J. Two main points are raised by the assignment of errors on this appeal, namely: (1) that the court granted defendants no relief on their so-called counterclaim; and (2) that the judgment is not authorized by the findings. It is contended by appellants that since there was no reply to the counterclaim the court should have rendered judgment in

their favor upon it without any application by them for judgment. Whether the defendants could put in a counterclaim, even conceding that it sets up a cause of action, and pay no further attention to it and ask no relief thereon from the court below and then have relief on an appeal from the judgment because the court had disregarded the counterclaim or refused relief upon it, we need not stop to consider. The facts which constitute the basis of defendants' alleged counterclaim here were not even pleaded as a counterclaim. As appears from the statement of facts, the defendants merely alleged that their damages by reason of the failure of plaintiff to give them notice is $200, and that the same is pleaded as a counterclaim against the plaintiff's demand upon the note and mortgage in suit. But, even assuming that all the facts set up in the answer were properly pleaded as a counterclaim, they do not constitute a cause of action, for the reason that they do not show any agreement for any time of extension nor that there was any consideration for such agreement, hence the alleged agreement was void. *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056; *Union Nat. Bank v. Cross,* 100 Wis. 174, 75 N. W. 992. Counsel for defendants call our attention to some authorities which it is claimed support the contention that the so-called agreement was valid. But after a careful examination of these authorities we are convinced that they do not support counsel's position.

It is further argued that the judgment does not follow the findings on the question of sale of the property in one parcel. We do not regard this position tenable. The court found that the premises constituted the homestead of the defendants and are so situate that they cannot be sold in parcels without injury to the interests of the parties. The judgment substantially follows this finding. At least there is no such variance as to prejudice the defendants.

It is also insisted that under the findings the plaintiff was not entitled to costs, because in equitable actions the costs are

in the discretion of the court. This contention cannot be sustained. The plaintiff demanded costs, and the court concluded and ordered that he was entitled to the relief demanded in the complaint, which covered costs. There are perhaps other reasons why the appellants cannot question the costs here, but it is unnecessary to consider them.

The most serious question under this head is the variance between the finding and the judgment respecting the amount due and payable as delinquent taxes paid or redeemed by the plaintiff. The appellants make some contention to the effect that under the statute (sec. 3165, Stats. 1898) the amount paid by the plaintiff for such taxes cannot be included in the judgment. But since there is no bill of exceptions here we cannot say that the finding of the court in that regard is wrong.

It is conceded that the plaintiff was entitled only to $250.66, not $400.12, amount inserted in the judgment, therefore the judgment in that regard is $149.46 too large and must be reduced accordingly. It is quite obvious that no appeal would have been necessary to make this correction, but that the plaintiff would have corrected the judgment upon request, if made before appeal taken, and since this is the only prejudicial error in the judgment and which could have been corrected without appeal, the court is of opinion that no costs should be allowed to appellants in this court. *Rust v. Fitzhugh,* 132 Wis. 549, 112 N. W. 508; *Spafford v. McNally,* 130 Wis. 537, 110 N. W. 387; *Andresen v. Upham Mfg. Co.* 120 Wis. 561, 98 N. W. 518.

*By the Court.*—The judgment of the court below is modified by deducting therefrom $149.46, and as so modified is affirmed as of the date of the judgment; neither party to recover costs, but respondent shall pay the clerk's fees in this court.