HAASE and another, Respondents, vs. BLANK and others,
Appellants.

*March 15—April 11, 1922.*

*Mortgages: Option to declare principal due upon default in inter-
est: Exercise: Agreement not to foreclose: Consideration:
Necessity of notice: Reasonable time to pay debt.*

1. Mortgagees who gave the mortgagor written notice of their
   election to declare the whole amount of the indebtedness due
   for nonpayment of interest were not estopped from fore-
   closing the mortgage by a statement made to the mortgagor
   at the time of the service of the notice that they did not wish
   to foreclose if the interest was promptly paid.
2. On the facts of this case, an agreement by the mortgagees that
   they would not foreclose until further notice was given
   would have been void for want of consideration.

3. A mortgagee, on exercising the option to declare the indebted-
ness due, must give the mortgagor notice thereof; and the
latter is entitled to a reasonable time after notice of the mort-
gagee's exercise of the option in which to pay the amount
due.
4. Where interest was due October 1st and notice of the mort-
gagees' election to consider the entire amount due for non-
payment of such interest was served on one mortgagor on
March 21st and on the other April 5th, a foreclosure action
commenced April 12th was not prematurely brought, as
against the claim that the mortgagors had not been given a
reasonable time, after notice of the election to declare the
total amount due, in which to pay the interest.

APPEAL from a judgment of the county court of Dodge
county: E. H. NABER, Judge. Affirmed.

Action to foreclose a mortgage executed by defendant
*Blank* to plaintiffs to secure two notes, one for $3,500 exe-
cuted to plaintiff *Haase,* and one for $2,000 executed to
plaintiff *Mielke.*

Defendant *Blank,* after the execution of the mortgage,
made a contract of sale of the premises to one Dickson.
Dickson, before the sale was completed, sold the premises
to defendants *Ira McClyman* and wife. About October 1,
1920, the lands were conveyed directly from defendant
*Blank* to defendants *Ira* and *Ida McClyman,* subject to
plaintiffs' mortgage. By the terms of the agreement Dick-
son was to pay the interest on the notes up to and including
October 1, 1920.

The mortgage contained a clause specifying that, upon
failure to pay the interest when due, the mortgagee might
elect to declare the whole sum, both principal and interest,
due at once, and proceed to foreclose at the expense of the
mortgagor. About October 1, 1920, Dickson paid the inter-
est due on that date to plaintiff *Haase.* He failed to pay
$100, the amount of the interest due on the note to plaintiff
*Mielke.*

Between October 1, 1920, and March 21, 1921, there was
considerable conversation and correspondence between all

the parties involved as to the nonpayment of this interest, the result of which was that *McClyman* endeavored to persuade Dickson to pay the interest and Dickson repeatedly asked for more time. On March 4, 1921, Dickson paid $50 and requested plaintiffs to wait until March 17th for the balance. Plaintiffs' attorney testified that in reply he wrote to *McClyman* saying that unless the interest was paid by March 19th foreclosure proceedings would be instituted. On March 21st plaintiff *Mielke* personally served on defendant *McClyman* a notice signed by both plaintiffs declaring the whole amount of the mortgage due because of the failure to pay the interest as above stated. A similar notice was served on *Blank* and a copy left with him which he handed to Dickson. On April 5th plaintiffs served the same notice on defendant *Ida McClyman*. The action was commenced on April 12th by service of summons and complaint.

The answer admitted the facts as stated, and alleged that no election had been made to declare the principal due, since, "when plaintiff *Mielke* served notice declaring mortgage due on defendant *Ira McClyman*, he informed *McClyman* that he did not want to make him any trouble and that all he wanted was his interest then due ($50) and that he wanted *McClyman* to keep after one Dickson, whom *Mielke* knew should pay the interest money; that pursuant to the request *McClyman* thereafter saw Dickson five times and demanded that Dickson pay the interest, and each time received Dickson's promise to pay it; and at all times defendants were led to believe and did believe that plaintiff *Mielke* was willing to wait and should wait until Dickson paid the balance of the interest; that plaintiffs were estopped in this action by his conduct and representations. . . ." On April 29th defendants paid into court the remaining interest due.

The court found that plaintiffs properly served an effective election to declare the whole amount of the mortgage due, and ordered that the premises in question be sold, the

defendant *McClyman* being allowed to withdraw the interest money he had paid into court.

*W. C. O'Connell* of Fox Lake, for the appellants.

*R. D. Tillotson* of Waupun, for the respondents.

JONES, J.   Appellants' counsel contend that plaintiffs did not elect to declare the principal due; that due notice was not given before suit was brought; that the payment of $50 into court was made within a reasonable time; and that the plaintiffs, by reason of their actions and statements, are estopped to maintain foreclosure proceedings.

It is undisputed that the written notice served on defendant *McClyman* by plaintiff *Mielke* on March 21st declared in unmistakable terms that plaintiffs did thereby "exercise the option given them in said mortgage" and did "declare the whole amount of said mortgage indebtedness due, by reason of the failure of said mortgagor and his assigns to pay the interest due on said note on October 1, 1920." Defendants contend, however, and it does not seem to be denied, that *Mielke* said when he served the notice that all he wanted was the interest, and it is upon this statement that defendants base their contention that the notice was futile and that plaintiffs are estopped to bring suit for foreclosure.

It is ingeniously argued by appellants' counsel that since the contract required no formal written notice of election to declare the principal due, such notice might be either written or verbal in whole or in part; that the writing was meaningless until served; and that upon service *Mielke* could limit its meaning and effect by whatever verbal statements he might choose to make, and that he chose to make it a demand for the interest only.   We are led to believe, however, that defendants' counsel has confused the act with the motive for the act, and even though, perhaps, *Mielke* did not wish to foreclose and would have been satisfied with a prompt payment of the interest, nevertheless his

motive in serving the notice does not alter the fact that it contained in clear terms an election to declare the whole indebtedness due, and was effective notice according to the terms of the contract. Construed most favorably for defendants, the language could only mean that plaintiffs did not intend to foreclose if the interest was promptly paid, and even though there had been an express agreement not to foreclose until further notice was given, still the suit could have been maintained at once, since such promise would have been without consideration. *Radford v. Smith,* 149 Wis. 163, 135 N. W. 472; *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056.

In the case of *Felton v. Stacey,* 175 Wis. 471, 185 N. W. 536, plaintiff's attorneys served notice of election to declare the whole of a land-contract indebtedness due for failure to pay interest and part of the principal due on a certain date. The notice contained the following statement: "It is not Mr. Felton's intention in doing this to commence foreclosure proceedings at all, providing this note is paid within a short time, and a substantial amount is paid upon other principal." The one note mentioned, with interest, was paid, but no payment was made on other principal, and a suit to foreclose was brought and carried to a successful termination, this court holding that the notice was intended and understood to be an election to declare not merely a part but the whole of the indebtedness due upon failure to make the payments mentioned. The case serves to illustrate that a mortgagee with neither desire nor intention to foreclose, who serves such notice chiefly for the purpose of stimulating greater activity in the payment of interest, is not precluded, upon nonpayment of the interest, from taking full advantage of the language and effect of his notice.

The claim of estoppel is based on the statement of *Mielke* already discussed and upon testimony that *McClyman* made trips to see Dickson, trying to induce him to pay the interest. It had been made plain to *McClyman* that the

interest must be paid and that he would have to pay it if Dickson did not.   There is no evidence of any agreement to forego foreclosure, or that the notice would not be effective if certain things were done, and the defendants did not avail themselves of the opportunity given to pay the interest.  The trial court was convinced that there were not sufficient facts to constitute an estoppel, and we concur in that view.

There remains the contention that a reasonable time did not elapse between service of the notice and bringing of suit.   The interest was due October 1, 1920.   The notice was served on *McClyman* March 21st and on defendant *Ida McClyman* April 5, 1921.   Suit was commenced on April 12th.   On April 29th defendants paid into court $50, the interest remaining due since October 1st, with interest on such amount.   The contract contained no clause as to the time that should elapse between notice and suit.   Though in most jurisdictions no such notice is required where such options are contained in the contract, the rule in Wisconsin is different.   "The rule requiring the service of such a notice is not based upon judicial or other authority, but was declared as a rule of equity, to be applied where a person seeks to enforce his mortgage to the full extent, under an option to do so, by reason of some default in the terms thereof."   MARSHALL, J., in *Julien v. Model B., L. & I. Asso.* 116 Wis. 79, 92 N. W. 561.   After the service of the notice the mortgagor should have a reasonable time to pay the amounts due before being put to the expense of a suit. *Rosseel v. Jarvis,* 15 Wis. 571.   What is a reasonable time, however, depends upon the circumstances of each case, and in view of the fact that the interest had been due over four months, notwithstanding repeated demands and extensions of time, and the fact that defendants' payment of interest into court seems to have been influenced more by the bring-

ing of the suit than any other motive, and of the further fact that the whole amount due was never tendered, we hold that the suit was properly brought, and that a reasonable time had elapsed after notice was given.

*By the Court.*—Judgment affirmed.