MINN BILLIARD COMPANY, Appellant, vs. SCHWAB and others, Respondents.

*November 11—December 5, 1922.*

*Vendor and purchaser: Land contracts: Option to declare whole sum due on default: Non-interest-bearing contract: Extension of time of payment: Consideration: Penalty: Enforcement.*

1. While a promise, without a good consideration, to extend the time for payment of a debt is not binding on the promisor so far as enforcing the payment when due is concerned, a penalty incurred by reliance on the promise will not be enforced.

2. Courts of equity will generally relieve against a penalty pro-
vided for in case of default, especially where it is grossly out
of proportion to the actual damage sustained.

3. Where a contract provides that a larger sum shall be paid on
failure to pay a lesser sum in the manner prescribed, or
the sum fixed in case of default is greater than the defaulted
sum or the whole amount of the total debt paid, it is a
penalty and not liquidated damages.

4. A provision in a land contract entitling the vendor to declare
the whole amount unpaid due and payable on default of the
vendees in payment of taxes or instalments for thirty days,
is not enforceable because it was a penalty, in that, the in-
debtedness not bearing interest until after maturity, the ven-
dees, by reason of their failure to pay $1,713.54 taxes when
due, would have been compelled to pay $6,064.80 more than
the present worth of the whole indebtedness, especially where
the default was promptly cured before action was brought.

APPEAL from a judgment of the circuit court for Mil-
waukee county: JOHN J. GREGORY, Circuit Judge.    *Af-
firmed.*

Action to foreclose a land contract.    On December 2,
1918, plaintiff was the owner of a manufacturing plant
located in the city of Milwaukee.    On that date he entered
into a contract for the sale thereof to the defendant *Schwab*
for the sum of $60,000, subject to a mortgage of $25,000,
the payment of which mortgage was assumed by the defend-
ant *Schwab*.    The $60,000 was to be paid as follows:
$15,000 in notes and collateral, which were paid; the balance
of $45,000 in monthly consecutive instalments of $416.67
each, with interest at six per cent. after maturity.    Separate
notes of $416.67 each were given for the first thirty-six
instalments, aggregating in all $15,000.    For the next
seventy-two instalments six notes were given for $5,000
each, being payable in monthly instalments of $416.67 each,
aggregating in all $30,000.

The defendant *Schwab* agreed to pay all taxes, both
general and special.    The contract contained an option
clause which provided in substance that if the purchaser
should default in the payment of taxes or in the payment

of any of the instalments and such default should continue
for a period of thirty days, then the plaintiff should be
entitled to declare the whole amount unpaid immediately
to become due and payable.

On December 21, 1918, the defendant conveyed the
premises to the defendant *General Manufacturing Corpora-
tion.*

Payments were made according to the terms of the con-
tract up to March, 1921. On March 25, 1921, the defend-
ant *General Manufacturing Corporation,* by letter to the
plaintiff's attorneys, requested an extension of the April
note to May 1, 1921, in order to enable it to pay interest on
the mortgage which became due April 15, 1921. The plaint-
iff replied, extending payment of the note to April 15th,
"when upon production of a receipt for the interest on the
mortgage a further extension of time until May 1 will be
granted." The defendant paid the interest on the mortgage
on April 15th, but did not notify plaintiff of that fact.

On May 4, 1921, the plaintiff served notice upon the
defendants *Schwab* and the *General Manufacturing Cor-
poration* of its election "to declare the promissory notes
outstanding and representing the balance unpaid upon said
land contract as presently due and payable." At this date
the April and May notes still remained unpaid. The city
real-estate taxes for 1920, amounting to $1,343.15, and
the county real-estate taxes for 1920, amounting to $370.39,
were then also unpaid. On May 5, 1921, the note maturing
April 1, 1921, was paid, and on May 6, 1921, the note
maturing May 1, 1921, was paid. The city and county real-
estate taxes were also paid May 6, 1921, and the plaintiff
was advised of that fact before the commencement of this
suit, which was begun May 17, 1921. During the pendency
of this suit the defendant has continued to pay the monthly
instalments of $416.67 each, without interest, and the plaint-
iff has accepted the money, but "without prejudice to the
rights of either of the parties in the present litigation, and

without intending to waive or waiving any of their rights therein."

The trial court found that the promise of an extension of the time of payment of the note due April 1st, though made without a consideration, was sufficient to prevent a forfeiture. It also found that the defendant's failure to pay the taxes when due was sufficiently explained by the defendant, and that its subsequent prompt payment thereof before the commencement of this suit cured the default; that since the payments under the contract were to be made without interest, and since they still aggregated the sum of $31,666.69, and were to run for a long period of time without interest, the present value of said instalments on a discount basis of six per cent. would be $25,601.89, resulting in a penalty of $6,064.80 if the defendant was required to pay the whole amount presently; and it found that such loss to the defendant was in the nature of a penalty and not in the nature of liquidated damages. The court further held that since plaintiff had incurred a liability of the reasonable value of $100 as attorney's fees and a small sum in the way of disbursements before the action was begun, the defendant should pay that as a condition of relief. It found that the demand of the plaintiff was unconscionable and inequitable and it dismissed plaintiff's complaint without costs, and from a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Orth & Orth* of Milwaukee, and oral argument by *Charles A. Orth.*

For the respondents there was a brief by *Michael Levin* and *Glicksman, Gold & Corrigan,* all of Milwaukee, and oral argument by *Nathan Glicksman.*

VINJE, C. J. The substance of the argument of the plaintiff is to the effect that parties have a right to make their own contracts and to enforce the stipulations therein provided for a breach thereof; that in this case the promise

to extend the payment of the note due April 1st was made without consideration and was therefore void, and could not be relied upon by the defendants, citing *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056; *Radford v. Smith,* 149 Wis. 163, 135 N. W. 472; and *Haase v. Blank,* 177 Wis. 17, 187 N. W. 669. It is true that a promise without a new consideration for the extension of the time of payment of a debt due is not binding upon the promisor so far as enforcing the payment when due is concerned. But it does not follow from this rule of law that one may make a promise to extend and then when that promise is relied upon claim and enforce a penalty incurred by reliance upon the promise. If that were so one could by his own false promise enrich himself. This case furnishes an apt illustration of the inequitable result that would follow from such a rule. The defendants seasonably asked the plaintiff to give them further time for the payment of an instalment to become due, because at that time they must meet the semi-annual payment of interest on a mortgage which is an incumbrance upon the plaintiff's security. The plaintiff in writing grants the extension; the defendants rely upon it, pay the interest upon the mortgage, thereby keeping the plaintiff's security good only to find that by relying upon the written promise they have incurred a penalty of over $6,000. The mere statement of the proposition is the severest condemnation thereof that a court of equity can give. It shocks the conscience of the court. It puts a premium upon falsehood and makes a travesty of honest dealings between man and man. The rule that a new consideration must be given for an extension of the time of payment of a debt is harsh enough, and it may be subject to the doubt of its being founded upon conceptions of what modern law should be. But it is established in the jurisprudence of our state and it is not now sought to disturb it. But in a court of equity it cannot be invoked to work the result sought to be reached by the plaintiff.

But the defendants were more than thirty days in default in the payment of the real-estate taxes. Should a court of equity grant relief, or rather refuse to enforce the penalty? Generally speaking it is true that parties have a right to make such lawful contracts as they choose, and that courts will enforce them as made. But there is a well recognized exception to this rule, and that is where a penalty is provided for. In such cases courts of equity will generally relieve against it, and especially where it is grossly out of proportion to the actual damage sustained.

That the trial court correctly construed the contract in case of a default, to provide for a penalty and not for liquidated damages, is clear. The law is well settled that where the contract provides that a larger sum shall be paid upon default to pay a lesser sum in the manner prescribed; or where the agreement is as to a matter certain in value, and the sum fixed upon in case of a default is greater than the defaulted sum or the whole amount of the total debt paid according to the tenor of the instrument, it is a penalty and not liquidated damages. *Seeman v. Biemann,* 108 Wis. 365, 84 N. W. 490; *J. G. Wagner Co. v. Cawker,* 112 Wis. 532, 88 N. W. 599; *Madison v. American S. E. Co.* 118 Wis. 480, 95 N. W. 1097; *Bagley v. Peddie,* 5 Sandf. (N. Y.) 192; *Beale v. Hayes,* 5 Sandf. (N. Y.) 640; *Peine v. Weber,* 47 Ill. 41; *Haldeman v. Jennings & Co.* 14 Ark. 329; *Krutz v. Robbins,* 12 Wash. 7, 40 Pac. 415, and cases cited; *Tiernan v. Hinman,* 16 Ill. 400. The rule is the same in England. *Astley v. Weldon,* 2 Bos. & Pul. 346. In *Kemble v. Farren,* 6 Bing. 141, 148, TINDAL, C. J., said:

"That a very large sum should become immediately payable in consequence of the nonpayment of a very small sum, and that the former should not be considered as a penalty, appears to be a contradiction in terms; the case being precisely that in which courts of equity have always relieved, and against which courts of law have, in modern times, endeavored to relieve by directing juries to assess the real damages sustained by the breach of the agreement."

Here, because the indebtedness bore no interest until after maturity, the defendants, by reason of the failure to pay taxes in the sum of $1,713.54 when due, were called upon to pay the sum of $6,064.80 more than the present worth of the whole indebtedness. This is a penalty with a vengeance.

A large number of cases are cited by appellant where options to declare the whole amount due in case of default have been enforced where instalments are to be paid with interest. Such cases are not in point. If I pay my present creditor interest I can just as well pay another creditor interest. But if I do not pay my present creditor interest and have to pay the whole debt presently by reason of a default, I lose the value of the use of my money for the remainder of the credit period. Here such value was found by the trial court to be $6,064.80. Counsel for respondents states that he has found only three reported cases of a like kind where the debt has been without interest until maturity. These are *Krutz v. Robbins,* 12 Wash. 7, 40 Pac. 415; *Tiernan v. Hinman,* 16 Ill. 400; and *Russell v. Wright,* 23 S. Dak. 338, 121 N. W. 842. In the first two cases the court found the default created a penalty and relieved against it. In the latter case, by a divided court, no relief was granted the party in default. In *Krutz v. Robbins* notes bore interest at the rate of seven per cent., and it was provided that if a default in payment occurred they should bear twelve per cent. interest from their date. Held, that the added five per cent. was a penalty and could not be enforced in equity. In *Tiernan v. Hinman* the debt was payable in instalments without interest, and it was held that to enforce a default by declaring the whole amount presently due constituted a penalty not enforceable in equity. In *Russell v. Wright* two notes of $100 each, payable in five equal annual instalments without interest till due, and thereafter, or in case of default as to any payment, the whole amount could be declared due with twelve per cent. interest,

were involved. The majority of the court were of the opinion that an enforcement of the default constituted no penalty. We decline to indorse such result. The sum there exacted was far in excess of the actual damage, which could easily be ascertained. It was clearly a case of penalty though in a small amount.

In the present case the default as to payment of taxes was promptly made good before suit was brought, so we have not set out the evidence of the defendant showing quite satisfactorily that it was incurred through a misunderstanding. Even if knowingly made, equity would relieve against the penalty in the present case under the circumstances as they exist, and it is quite probable that under several other well recognized equitable principles defendants would be entitled to relief; but we prefer to place it upon the single ground that an unconscionable penalty is sought to be enforced, to which enforcement a court of equity will not lend its aid. He who seeks equity must do equity.

*By the Court.*—Judgment affirmed.