JAMES M. BARNETT v. SUSAN D. V. POWERS ET AL.

*Bill of revivor.*

A wife is neither an heir nor a legal representative of her husband.

A bill of revivor lies to bring in only those who claim by operation of law in consequence of the death of the original party.

Titles that do not arise by operation of law on the death of a party, cannot be brought into a case without a new suit, or an original bill in the nature of a supplemental bill or bill of revivor.

The Michigan statute (Comp. L., § 5102) allowing a suit to be revived against the representatives of a deceased party, is not meant to allow any independent right to be asserted without proper allegations.

Appeal from Kent. Submitted Jan. 23. Decided Jan. 31.

FORECLOSURE. The facts are in the opinion.

*S. A. Kennedy* for complainant. Complainant in foreclosure is not bound to bring in parties of whose claims

he has no notice, *Woods v. Love*, 27 Mich., 308; *Daniels v. Henderson*, 49 Cal., 245; *Aldrich v. Stephens*, 49 Cal., 676. The wife of a mortgager in a purchase money mortgage need not be made a defendant in foreclosing it, *Amphlett v. Hibbard*, 29 Mich., 298; *Short v. Raub*, 81 Ill., 509; *Stephens v. Bichnell*, 27 Ill., 444; *Fletcher v. Holmes*, 32 Ind., 497; *Wilson v. Scott*, 29 Ohio St., 636; it is sometimes held that a foreclosure suit should be revived against the widow of a mortgager in the same way as against the heirs, *Bell v. Mayor*, 10 Paige, 68.

*Mark M. Powers* for defendant. All persons interested should be made parties to foreclosure proceedings, *McCall v. Yard*, 1 Stockt. Ch. (N. J.), 358; *White v. Watts*, 18 Ia., 76; *Anson v. Anson*, 20 Ia., 55; *McArthur v. Franklin*, 15 Ohio St., 509; Story's Eq. Pl., § 193; *Hall v. Nelson*, 23 Barb., 88; *Haines v. Beach*, 3 Johns. Ch., 459; 2 Barb. Ch. Pr., 572; *Hodson v. Treat*, 7 Wis., 263. A wife is a necessary party defendant to the foreclosure of a purchase price mortgage, *Wheeler v. Morris*, 2 Bosw., 524; *Denton v. Nanny*, 8 Barb., 618; *Mills v. Van Voorhis*, 23 Barb., 125: 20 N. Y., 412; *Newton v. Cook*, 4 Gray, 46; Tyler on Inf. & Cov., 541; 4 Kent's Com. 46. n. 1; Barb. on Parties, 513; Schouler's Dom. Rel., 185; *Burton v. Lies*, 21 Cal., 88; *Fletcher v. Holmes*, 32 Ind., 497; a widow has an interest in the equity of redemption (*Snyder v. Snyder*, 6 Mich., 470) and her inchoate right of dower ought to be protected, *Greiner v. Klein*, 28 Mich., 12; *Newton v. Sly*, 15 Mich., 391; *Lund v. Woods*, 11 Met., 566; *Eaton v. Simonds*, 14 Pick., 98; 1 Scrib. on Dower, 487.

CAMPBELL, C. J. Mrs. Powers appeals from an order confirming a sale on foreclosure. The suit was first brought against her husband as sole defendant. Her title was by grant from him not recorded until after suit brought, though made before.

He died soon after suit was brought, and an attempt

was made some months thereafter to revive under the statute by petition. Comp. L., § 5102. Before this was done her title had been recorded. The bill was not amended, and there was nothing to show why she was brought in, as a wife is neither heir nor legal representative.

A bill of revivor was never the proper remedy to bring in parties claiming otherwise than by operation of law as a consequence of the death of the original party. 2 Dan. Ch. Pr., 1696–7; Story Eq. Pl., §§ 339, 342,–354 a, 377–8. Any title not thus derived could only be brought in by an original bill of some kind. This title being derived before suit, could not under any circumstances have been brought before the court without such a bill, whether by new suit, or an original bill in the nature of a supplemental bill or bill of revivor. The statute was not designed to allow any independent right to be asserted without proper allegations. 2 Dan. Ch., Pr., 1673; *Crowfoot v. Mander*, 9 Sim., 396; *Stewart v. Nicholls*, Tamlyn, 307; *Hardy v. Hull*, 14 Sim., 21; *Foster v. Foster*, 16 Sim., 637.

Moreover, the suit abated a second time by the resignation of the first administrator and the appointment of a new one. There was no subsequent revivor.

The decree was void, and the sale was also void, and the order confirming it must be reversed with costs of this court, and twenty dollars and disbursements in the court below.

The other Justices concurred.