## HAINES *v.* KENT CIRCUIT JUDGE.

1. MANDAMUS—SCOPE OF REMEDY—REVIEW.

Mandamus is the proper proceeding to review an order and decree denying a petition, after the death of the original complainant, to revive proceedings in chancery to foreclose a mortgage, and declaring said mortgage to have been satisfied and discharging the same of record, where the petitioner is not a party of record in the original proceedings and by such decree is denied the right to become such party.

2. MORTGAGES—FORECLOSURE — EXECUTORS AND ADMINISTRATORS —UNADMINISTERED ASSETS.

A mortgage in process of foreclosure at the death of complainant constitutes unadministered assets of his estate, and by proper suggestion his personal representative is entitled to proceed with the suit.

3. ABATEMENT AND REVIVAL — SUGGESTION OF DEATH — BILL OF REVIVOR—RIGHTS OF HEIRS—ORIGINAL BILL.

While the statutory suggestion of the death of a party answers the purpose of a bill of revivor, neither by such suggestion nor by said bill can parties be brought into the suit who do not claim by operation of law as a consequence of the death of the original party; and where an heir, claiming an interest in a mortgage under process of foreclosure which abated at the death of the mortgagee, filed a petition to revive the foreclosure proceedings and did not show any title in nor to said mortgage, the petition was properly dismissed—the only remedy to establish such interest being an original bill filed for that purpose.

4. MORTGAGES—FORECLOSURE—ABATEMENT AND REVIVAL—RIGHTS OF THIRD PARTIES—NOTICE.

On the revival of a suit for the foreclosure of a mortgage which abated at the death of complainant and lay dormant for a considerable lapse of time, subsequent purchasers, though they purchased with notice, should be brought upon the record in such manner that they may, under proper pleadings, have their rights adjusted.

5. APPEAL AND ERROR—ABATEMENT AND REVIVAL — SCOPE OF DETERMINATION.

In denying the petition the court should not have passed upon the merits of the original cause.

155 MICH.—27.

Mandamus by Margaretta L. Haines to compel Willis B. Perkins, circuit judge of Kent county, to vacate an order denying a petition to revive proceedings in chancery. Submitted January 5, 1909. (Calendar No. 23,170.) Writ granted February 2, 1909.

*Walker & Fitzgerald*, for relators.

*Fred P. Geib*, for respondent.

OSTRANDER, J. In August, 1884, James H. Brown filed his bill in the circuit court in chancery for the county of Kent to foreclose a real estate mortgage, which mortgage was recorded November 20, 1866. Notice of the pendency of the suit was duly filed. The defendants in that proceeding were James M., Elizabeth, and William Lane. James M. and Elizabeth Lane filed answers in December, 1884, in which they claimed that the debt secured by the mortgage had been fully paid, and that complainant had agreed to discharge the same of record. They asked for the statutory penalty for neglect to discharge the mortgage. Proofs were taken, and those taken in behalf of complainant were filed by someone August 5, 1891. James H. Brown died June 25, 1891. His estate was administered, and by an order and decree made June 1, 1895, was distributed, and the administrator discharged. James M. Lane died August 19, 1897, having in his lifetime conveyed the mortgaged premises to Elizabeth Lane, who, in turn, conveyed portions of them and died in 1907 the owner apparently of about 10 acres of the same. Her grantees are five in number, and one 40-acre tract is subject to a life estate created by said Elizabeth Lane in favor of two persons named. The special administrator of the estate of James M. Lane has not been discharged by any order of the probate court, and this is true also of the administrator of the estate of Elizabeth Lane. No proceedings have been had in the foreclosure case since the filing of complainant's proofs with the register of the court. Relator, claiming to be

one of two surviving heirs at law and next of kin of James H. Brown, on June 6, 1908, filed a petition in said court and cause, setting up the facts above related, and praying for an order reviving the said foreclosure suit in the names of said heirs and next of kin and against either the special administrator of the estate of James M. Lane or his heirs at law and next of kin and the owners of the life estate as defendants. An order to show cause was made, answers were filed, arguments submitted, and the prayer of the petitioner was denied by an order and decree, which also declared the mortgage to have been satisfied and discharged the same of record. As to the contentions presented in this court, we hold:

1. That mandamus is the proper proceeding in which to review the action of the court below. Relator is not a party to the record in the foreclosure proceeding and by the order now sought to be vacated is denied the right to become such party.

2. According to the showing made by relator, the note and mortgage in suit represent unadministered assets of the estate of James H. Brown, deceased. The cause of action survived, and upon proper suggestion his personal representative would have been admitted to proceed with the suit. *Webster* v. *Hitchcock*, 11 Mich. 56; *Webster* v. *Bailey*, 31 Mich. 36. While the statute suggestion of the death of a party answers the purpose of a bill of revivor, the rules controlling the action of the court in a particular case are not different in the cases where revival of a suit is by suggestion and where it is by bill of revivor. Neither by proceedings under the statute nor by a bill of revivor can parties be brought into the suit who do not claim by operation of law as a consequence of the death of the original party. *Barnett* v. *Powers*, 40 Mich. 317. It is possible that relator on account of relationship to the original complainant might be permitted to share in the proceeds of the foreclosure suit if it was revived. It is clear that she did not, by his death, succeed to any title to or interest in the note and mortgage in suit. It is equally

clear there are parties, claiming portions of the premises by purchase, whose rights have accrued pending the abatement of the foreclosure suit. It is suggested that they took their titles with notice of the pendency of the suit. But, as matter of discretion, if not of strict right, these parties ought to be, after so great a period of time, brought upon the record in such manner that they may, under proper pleadings, have their rights adjudicated. As between the persons now asserting an interest, an original bill is required. The order denying the prayer of her petition was right, and it is affirmed, with costs.

3. The decision of the court below, both as to relator's rights and as to the validity of the mortgage, was rested upon the ground that more than 15 years had elapsed since any payment had been made upon the mortgage and since any proceedings had been taken in the suit. We intimate no opinion concerning the effect of laches or of lapse of time upon the subject-matter of the litigation. In the view we have taken, the court should not have decided the merits of the suit upon an application to revive the same, made by a person having no standing for that purpose.

HOOKER, MOORE, BROOKE, and McALVAY, JJ., concurred.