### James M. Webster v. Bethuel Hitchcock, and another.

Where a complainant in chancery dies, the suit is revived by an order substituting his representative as complainant; and no actual amendment of the bill is required to give the order that effect.

Where the subject matter of a suit in chancery is assigned by the complainant, the suit can no longer be prosecuted in his name after the assignment is brought to the notice of the Court, and the only mode in which the assignee can revive, or get the benefit of the original suit, is by filing an original suit in the nature of a bill of revivor and supplement.

A bill may be filed by the assignee for this purpose without the previous leave of the Court, and in the name of a new solicitor.

An order striking a bill from the files is a " final order," from which an appeal may be taken to the Supreme Court.

*Submitted on brief of complainant October 29th. Decided November 25th.*

WEBSTER v. HITCHCOCK.

Appeal from Ionia Circuit in Chancery.

The bill of complaint set forth: That on November 19, 1860, Heman C. Palmer filed his bill against the defendants to foreclose a mortgage given by them: that defendants appeared, and no further proceedings were had prior to December 29, 1860, when said Palmer died, and Phebe A. Palmer was, in February following, appointed administratrix on his estate: that an order was made by said Court July 24, 1861, substituting said administratrix as complain_ant in the case, with leave to amend the bill by substituting her name as such, and she afterwards, in March, 1862, without having so amended the bill, assigned the mortgage to the present complainant. The bill then avers that complainant is entitled to have the original suit revived against the defendants, and to have the benefit thereof, and of the proceedings therein, and that for this purpose the present bill ought to be taken as supplemental to the said bill of Henry C. Palmer. And it prays for answer, and that the said suit be decreed to stand and be revived accordingly, with leave to the present complainant to prose-cute the same.

The present bill having been filed without a prior order of the Court granting leave, and being signed D. W. Jackson as solicitor, instead of Blanchard & Jackson, the solicitors in the original suit, defendants made a motion that the bill be stricken from the files; which motion was granted by the Court. From this order the complainant appealed.

*D. W. Jackson,* for complainant.

CHRISTIANCY J.:

So far as the bill seeks to revive the original cause of Heman C. Palmer, against the defendants, which had become abated by his death, it was entirely unnecessary. The order of July 24th, 1861, substituting the administratrix as complainant, of itself, operated as a revivor: and no actual

11 MICH.—E.

amendment was necessary to give it that effect. But by the assignment of all her interest to the present complainant after the suit was so revived, the assignee became a necessary party complainant, and the suit could no longer be prosecuted in her name after the assignment should be brought to the notice of the Court: — *Wallace v. Dunn, Walk. Ch.* 416. If the assignment did not operate strictly as an abatement of the suit, its effect was much the same, as it left no party complainant before the Court competent to prosecute it. The only mode in which the assignee, the present complainant, could revive or get the benefit of the suit, was by filing an original bill in the nature of a bill of revivor and supplement, stating the bill and proceedings in the original suit, and the assignment to himself, and asking that the suit might be continued or revived for his benefit.

So far as the present bill is confined to these objects it was the necessary and proper course to give him the benefit of the former suit. In these respects the bill is not a mere supplemental bill, but an original bill in the nature of a bill of supplement and revivor: — *Daniel's Ch. Pr.* 1666, 1685 to 1688, *Ibid.* 1697 and 1698; *Sedgwick v. Cleveland,* 7 *Paige,* 293. So far as it is based upon and recites the original cause, it is in the nature of a supplemental bill: so far as it seeks to revive or restore the original cause which had become defective by the assignment of the interest of the administratrix, it would seem to be in the nature of a bill of revivor: but so far as it relates to the assignment and the present complainant, it is entirely original.

Being an original bill it did not not require the previous leave of the Court to its filing: — *Sedgwick v. Cleveland, supra ;* and very clearly it was not necessary to be filed by the solicitors in the original suit, as seems to have been supposed by the defendants' solicitor.

Whether the present bill would be sufficient on demur-

rer, as an original bill in the nature of a bill of revivor and supplement, we do not undertake to determine, nor shall we consider any question which might have been raised upon the demurrer; the appeal having been taken from the order striking the bill from the files. This order was erroneous: and as it was a final disposition of the complainant's bill, we think it must be treated as a "final order" within the meaning of the statute, from which complainant was entitled to appeal. The order must be vacated, and the cause remanded to the Circuit Court in Chancery for further proceedings, and the complainant is entitled to his costs on the appeal.

The other Justices concurred.