GODWIN, Respondent, vs. MILLER and wife, Appellants.

*September 10—October 8, 1929.*

498

For the appellants there was a brief by *Roy S. Stephenson* and *Albert C. Boehm,* attorneys, and *Stephenson, Fisher & Richardson,* of counsel, all of Kenosha, and oral argument by *Chester D. Richardson* and *Roy S. Stephenson.*

*Alfred L. Drury* of Kenosha, for the respondent.

STEVENS, J. 1. The vendor, by his conduct, effectually waived his right to insist upon a forfeiture of these land contracts for failure to pay the sums in default within the fifteen days fixed by the notice. His letter in which he said he was willing to deed the lots upon payment of the balance due was written at a time when he knew that the matter could not be closed within the fifteen-day period. His failure to object to delay after that date clearly shows that he was not insisting upon his fifteen-day notice. In fact he now makes no claim that he is relying upon that notice.

"After time has been thus made an essential element of the contract, by a reasonable notice given during the negotiation concerning its performance, the notice and its effect may be waived by the conduct of the party giving it; and if the time is once allowed to pass, and the parties still go on negotiating for the completion of the purchase, this conduct amounts to a waiver, and the time *is then no longer essential." Phillips v. Carver,* 99 Wis. 561, 576, 75 N. W. 432. By waiving his fifteen-day notice and by pursuing a course of conduct calculated to lead the defendants to believe that they could defer payment until the fire loss was adjusted, the plaintiff

has placed himself in a position where he cannot insist upon a forfeiture of these land contracts.

2. The complaint demanded that defendants "be forever barred and foreclosed of all right, title, interest, claim, and equity of redemption" in the lots here in question and that the land contracts be canceled and possession of the premises be given to the plaintiff. The judgment decreed that the defendants be "forever barred of all right, title, interest, and right of redemption" in the lots and that defendants' "right, title, interest, and right of redemption therein" be forfeited, and decreed that the land contracts were null and void. The action clearly was one to terminate the rights of the defendants under these land contracts by strict foreclosure.

"Under the well established practice in this state, if the vendor seeks to foreclose his contract the court will prescribe a certain limited time within which the purchaser may comply with its terms and take title to the property." *Oconto Co. v. Bacon,* 181 Wis. 538, 547, 195 N. W. 412. The fixing of the period of time within which a vendee under a land contract may redeem is a matter committed to the sound discretion of the court. But the time fixed must be reasonable in view of all the circumstances of the case. Unless the time fixed is reasonable, the court abuses its discretion and the judgment will be set aside or so modified as to prescribe a reasonable time. *Dickson v. Loehr,* 126 Wis. 641, 646, 106 N. W. 793.

Here more than half of the entire purchase price had been paid and the entire balance due under the contracts had been tendered before this suit was begun. It was clearly an abuse of discretion to refuse to give the purchaser any opportunity at all to redeem by paying the amount due under the contract.

The judgment is reversed, with directions to so modify the same that defendants may redeem the premises, within thirty days from the filing of the *remittitur* in this case, by the payment of the amount paid by plaintiff for taxes together with

the amounts due on these land contracts at the time that the balance due thereon was deposited with the First National Bank of Kenosha payable to the order of the plaintiff. Defendants' taxable costs and disbursements in this court and in the circuit court to be deducted from such amount before payment is made.

*By the Court.*—So ordered.