St. Joseph's Hospital of Franciscan Sisters, Appellant, vs. Maternity Hospital & Dispensary Association, imp., Respondent.

*March 8—April 7, 1937.*

424

*Henry V. Kane* and *Daniel L. Brooks,* both of Milwaukee, for the appellant.

*Michael Levin* of Milwaukee, for the respondent.

FOWLER, J. In support of its appeal the appellant contends, (1) that in making the order appealed from the court abused its discretion; (2) that the court was without jurisdiction to make the order.

(1) A detailed statement of the facts bearing upon the court's discretion to make the second order of extension is given preceding the opinion. From this statement it appears that the defendant has no equity in the property not included in the land contract that was mortgaged to the plaintiff to secure the note accepted as a part payment on the contract, so that it can realize nothing from that property to aid in raising the remaining sum due on the land contract. Nor can it derive any aid from the income from that property. Nor can it realize from the income of the property directly in suit the sum necessary to redeem the property. Were this a case of foreclosure of a land contract involving an ordinary situation, we might hold that the court abused its discretion in prolonging the period of extension to three years. Before enactment of the statutory provision for the one-year period of redemption, which was "emergency legislation," and jus-

tified on the ground of the emergency arising from the current financial depression, the periods of redemption granted in such cases were short, and except in cases of farm property involving a season's crop, rarely exceeded sixty days. Payment of the entire principal sum within this period was ordinarily, if not always, the condition of redemption. Only reasonable prospect of ability to raise the money necessary to redeem would move the court to grant any extended period of redemption. The property involved is primarily the property of the vendor—legal title is in him—and he was considered entitled to its possession unless it appeared that the vendee could and would shortly meet the conditions of the contract respecting payment.

But here we have an extraordinary situation. The defendant charity is keeping up and has to a considerable extent improved the property. The property is only suitable for use as a hospital. It has no perceivable rental value for such use. There is no sale for the property. There is no likelihood of its deteriorating in market value. The plaintiff is receiving monthly the interest on the whole unpaid principal sum. This manifestly exceeds the rental value of the property, if any such value it has. The property as used is exempt from taxation, so that no loss can come to the plaintiff through tax sale or tax deed. The plaintiff is subjected to no monetary loss by the extension granted. True, the defendant shows no reasonable prospect of ability to redeem. Still it has hope that through a drive and the gifts of charitably disposed persons it may achieve the unexpected. On the whole, as we do not perceive that the plaintiff has lost anything by the extension appealed from, or that it would have gained anything but vindication of an abstract right at most had the extension been denied, we are of opinion that the trial court did not abuse its discretion in granting the last extension.

(2) The contentions under this head seem to be two: (a) That the provision of the original statute making it apply to

judgments "not become absolute" does not apply to cases of extension for more than one year because the statute that extended the redemption period from one to three years did not contain an express provision declaring such application; and (b) that the legislature has no power to enact a statute changing or authorizing change by the court of any provision of a judgment entered before its enactment.

(a) According to the terms of the statute as it stood when the judgment was entered, the court might grant a period of redemption of only *"one year."* Sec. 281.25, Stats. 1933. The act that so provided was declared to be "emergency legislation," and was made applicable to judgments entered before April 1, 1937, and to judgments theretofore entered which had not become absolute at the time of the statute's enactment. Ch. 301, Laws of 1933. By ch. 362, Laws of 1935, this provision was amended by substituting the words *"three years"* for the words *"one year."* This was the only change made. The declaration of the previous statute "this is emergency legislation" is expressly repeated in the amending statute. The appellant claims that this amending act had no effect on judgments entered prior to its passage, and conferred no power upon the court to make the order appealed from, which extended the period of redemption to three years from the time the judgment was entered.

The provision of the original act applying to judgments not becoming absolute, sec. 281.25 (2), Stats. 1933, still stands unchanged. Sec. 281.25 (2), Stats. 1935. It reads: "In all actions where judgment has not been made absolute at the time that *this section* goes into effect the defendant may apply to the court for the relief provided herein." The judgment herein was not entered when the "section" went into effect, and therefore it had not then "become absolute." Literally the "section" applies to the instant case. While the "section" as originally enacted provided for a redemption period of only one year, we have no doubt that the legislature in increasing the period to three years meant the word "section"

in the statute the section as amended, and the word "herein" in the amending statute to refer to the section as amended.

It is urged in this connection that the statutes are not to be held retroactive unless such intent is expressed or made manifest by the language used. The statute as originally enacted expressly made itself retroactive as to judgments already entered but not become absolute. That language still stands in the statute as amended. We are of opinion that the intent originally expressed inheres in the amending act. Remedial statutes may be made retroactive unless they violate due process, impair contract obligations, or violate other constitutional provisions. "The legislature may modify, limit or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing, it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right." *Richmond Mortgage & Loan Corp. v. Wachovia Bank & T. Co.* 300 U. S. 124, 128, 57 Sup. Ct. 338, 339, 81 L. Ed. ———. The instant statute and order appear to us to be within the rule and not within the exception above stated.

(b) The contention made under this subhead is based upon the decisions of the Kansas supreme court and a federal district court of Kansas, *Kansas City Life Ins. Co. v. Anthony,* 142 Kan. 670, 52 Pac. (2d) 1208, 1210, and *Phœnix Joint Stock Land Bank v. Dewey,* 8 Fed. Supp. 678. The Kansas statute provided for extension of the period of exemption in mortgage foreclosure cases. It was not enacted until after the judgments involved in the cases cited were entered. The ground on which the decisions were based was that the judgments were *res judicata,* and the court was without power to change the period of redemption after it had been fixed by a judgment. It may be here stated, before distinguishing the instant statute from those involved in the cases above cited, that the instant statute was considered by this court in *Benkert v. Gruenewald,* 223 Wis. 44, 269 N. W. 672. The judgment involved in that case was entered before

the statute was enacted that extended the period of redemption from one to three years. The point of *res judicata,* on which the decisions above cited under the Kansas statutes were based, was not presented in that case and the case was decided without direct consideration of it. It was there considered whether the instant statute violates the contract clause of the United States constitution, sec. 10, art. I. It is there stated that the period of redemption in foreclosure of land contracts has always been fixed in the judgment according to the discretion of the court; that the question resolves itself into one of abuse of discretion rather than impairment of contract obligations; that the statute, so far as obligation of contracts is concerned, does not purport to change the nature of the vendor's remedy; and that the legislature in effect only declared its opinion as to the time to which the court's discretion may extend in fixing the period of redemption. That decision, unless the reasons supporting the Kansas decisions above cited require modification of it, rules the instant case. It may also be here stated that we held in *Security State Bank v. Monona Golf Club,* 213 Wis. 581, 252 N. W. 287, a case involving foreclosure of a land contract, that where the court in its judgment fixing a period of redemption provided for an extension thereof upon application showing cause therefor, that an order extending the period was valid; that the judgment by its terms became in effect an interlocutory judgment. We see no insuperable objection to the court's doing pursuant to a statute what it might itself have provided for doing without the statute. This point is indirectly involved in what we say below in distinguishing the instant statute from the statute involved in the Kansas cases cited.

The statutes involved in the Kansas cases cited were not limited in their application to judgments "not become absolute" as in the instant statute. As indicated above, the decisions above cited under the Kansas statute are based upon the proposition that the judgments involved were final judg-

ments of the court,— judgments that absolutely ended the litigation between the parties. A judgment of strict foreclosure of a land contract does not produce absolute finality. In such judgments, a subsequent order barring the defendant's interest and claims for want of redemption is essential in order to declare and quiet title in the plaintiff, and a writ for removing the defendant from the premises is contemplated in case it becomes necessary. Proceedings at the foot of the judgment are a matter of course in these cases and the litigation is not at an end until they are taken. It would seem, *a priori,* that until the final order contemplated, an order making the judgment absolute, has been entered, anything discretionary might properly be done by the court that has material bearing upon the equities of the parties respecting the order finally ending the litigation between them. Independent of a statute providing for extension in strict foreclosure cases of the period of redemption from judgments not become absolute, a court as a court of equity would unquestionably have power to extend in effect the period of redemption provided for in its judgment if such extension were required by equity and good conscience. If the defendant should fail to pay the amount required by the judgment for redemption within the period fixed by the judgment; and the plaintiff should move for an order making the judgment absolute; and the defendant should upon hearing of the motion tender the amount due on the contract with costs, the power of the court to require the plaintiff to accept the tender and deny the motion would not be questioned. The general power of courts of equity to relieve from forfeitures would support and justify such action. The order of a court acting avowedly pursuant to a statute which only does what the court had power to do without the statute is not voided merely because the court assumed to act under the statute.

If the statute involved purported to interfere in any way with a judgment of any court, there might be force to the

contention that the legislature could not change the period of redemption. But the instant act merely leaves it to the court that entered a judgment not become absolute to deal with its own judgment according to its discretion respecting a matter that in the first instance was within its discretion. That is an entirely different matter from annulling or overruling a judgment or changing it to suit some legislative view. Two of the Kansas statutes involved in the decision of the state court cited purported to give automatic extensions of the period of redemption. We infer that the ruling of the Kansas court was based upon these automatic provisions. The opinion of the state court states the question it was considering as "the force and effect of a statute which directly or indirectly attempts to nullify, modify or set aside a judgment of the court or any of the terms of a judgment rendered before the passage of the act." That question does not arise in the instant case.

The mere fact that the period for redemption was extended for three years in the instant case does not of itself render the extension granted beyond the power of the court to grant. That is the period of redemption provided in the amended Frazier-Lemke act upheld by the supreme court of the United States on March 29, 1937, in *Wright v. Vinton Branch of Mountain Trust Bank of Roanoke,* 300 U. S. 440, 57 Sup. Ct. 556. Such extension is authorized by the amended act above mentioned on condition that the mortgagor pay the rental value of the premises during the extended period. If the payment of the rental value of the premises were not imposed as a condition of the extension by the instant order, we might have a different question. But, as indicated in (1) above, the full equivalent of such payment is provided by the instant order. The vendor's right in strict foreclosure is restoration of the possession of the property. The rental value is the equivalent of that value. Rental value is the measure of the value of possession. If a three

years' extension upon the condition stated is valid under the Frazier-Lemke act, so is it in the instant case, whether it be considered as granted under the instant statute or under the general equity powers of the court.

*By the Court.*—The order of the circuit court is affirmed.

The following opinion was filed June 21, 1937:

WICKHEM, J. (*dissenting*). I am not persuaded by my examination of defendants' showing that it has disclosed any prospects that an extended period for redemption will enable it to save its interest in the property. While the situation with respect to a charitable institution is doubtless different from that of an individual or business corporation in that there is always a possibility of raising funds by public appeal, there is nothing here to show that such action is either practical or contemplated. Under these circumstances and applying the doctrine of *Benkert v. Gruenewald,* 223 Wis. 44, 269 N. W. 672, it seems to me that the extension was not a proper exercise of judicial discretion.