### CYROWSKI *v.* WOJCIK.

1. APPEAL AND ERROR—STOCKHOLDER'S SUITS—QUESTIONS REVIEWABLE.

Plaintiff who, as stockholder of a corporation, brought suit against its officers to recover funds alleged to have been diverted wrongfully, and was parted from his interest in the corporation by way of sale of his shares of stock on execution to satisfy judgment against him after commencement of instant suit, may not contend on appeal that matter of validity of the sale of the stock should be disposed of at trial on the merits instead of on motion to dismiss after admission in open court that plaintiff's sole right to prosecute suit was as a stockholder and that he no longer owned any of the stock and record fails to indicate that purchaser ever was a party to any scheme or conspiracy to deprive plaintiff of his stock.

2. DISMISSAL AND NONSUIT—MOTIONS TO DISMISS—ADMISSIONS TO OBVIATE NECESSITY OF TAKING TESTIMONY.

Rule that motions to dismiss which are substitutes for demurrers, pleas in abatement and pleas to the jurisdiction, cannot be used to try the merits and issues of fact *held,* inapplicable where counsel made admissions in the record at time of hearing on motion for purpose of obviating necessity of taking testimony.

3. SAME—STOCKHOLDER'S SUITS—REAL PARTY IN INTEREST.

Dismissal of bill by stockholder against various officers of a corporation *held,* to have been proper where statute requires prosecution of a suit in the name of the real party in interest, plaintiff became divested of interest as stockholder after commencement of suit and made no claim dividends had been declared or that he was a creditor (3 Comp. Laws 1929, § 14010, Act No. 327, § 47, Pub. Acts 1931).

Appeal from Wayne; Moll (Lester S.), J. Submitted April 29, 1937. (Docket No. 151, Calendar No. 39,369.) Decided June 7, 1937.

Bill by August Cyrowski against Louis F. Wojcik, Polish American Publishing Company of Detroit, a Michigan corporation, and others for an accounting, dissolution of the corporation, setting aside a trust mortgage, an injunction and other relief. Suggestion of death of plaintiff. Arthur Cyrowski, administrator of the estate of August Cyrowski, substituted as party plaintiff. Paul Faust intervened as party defendant. Motion to dismiss by defendants Januszewski, Przylubski, Polish American Publishing Company and intervening defendant. Bill dismissed. Plaintiff appeals. Affirmed.

*Cyrowski, Cyrowski & Cyrowski (John Kenneth Scheusler* and *Ernest P. LaJoie,* of counsel), for plaintiff.

*John McNeil Burns (Cyril E. Bailey* and *Joseph B. Beckenstein,* of counsel), for defendants Januszewski, Przylubski, Polish American Publishing Company and intervening defendant.

CHANDLER, J. On May 18, 1932, an action was instituted in the name of the Polish American Publishing Company of Detroit, Michigan, by August Cyrowski, its shareholder, and August Cyrowski, individually, as plaintiffs, being filed in pursuance óf Act No. 327, § 47, Pub. Acts 1931, complaining against the defendants therein named and particularly the actions of Louis F. Wojcik and other individual defendants in the management of said Polish American Publishing Company, charging the payment of exorbitant salaries and bonuses, misappropriation of funds by defendant Wojcik, the execution of a mortgage, and the sale of bonds not properly authorized by the corporation, and other wrongs which it would be of no avail to recite in detail here.

On June 16, 1932, a second bill of complaint was filed by August Cyrowski, individually, against the same defendants, the recitals in said bill of complaint being substantially the same as those contained in the first bill of complaint. The bill originally asked for the appointment of a receiver for the Polish American Publishing Company and the dissolution of the company, but these portions of the bill were dismissed by an order entered by the Honorable Clyde I. Webster, circuit judge, on June 11, 1932.

Mr. Cyrowski, plaintiff, died November 4, 1933, and an order was subsequently made substituting Arthur Cyrowski, administrator of the estate of August Cyrowski, deceased, as party plaintiff in the

cause without prejudice. Subsequent to the fore-
going proceedings, and on the 27th of July, 1934,
one Paul Faust, upon a petition, was granted leave
of the court to intervene in the above cause as a
party defendant, his petition setting forth that he is
the owner of the stock held by plaintiff, August
Cyrowski, at the time of the institution of these
proceedings. It appears from the record herein
that on October 19, 1932, one Julian W. Koss, re-
covered a judgment against August Cyrowski in
the circuit court for the county of Wayne in the
sum of $6,519 and $98.15 costs, that subsequently
execution was issued and the sheriff levied upon the
stock (60 shares) owned by plaintiff, August Cyrow-
ski, at the time he instituted these proceedings, that
said stock was sold on execution sale, duly adver-
tised, on July 24, 1933, and that the same was pur-
chased by said Paul Faust, that said Faust paid the
sum of $9,500 for the stock, out of which sum was
paid the judgment of plaintiff Koss in the law ac-
tion, and the remainder, amounting to $2,541.40, was
paid to August Cyrowski. It further appears that
said Faust caused the said 60 shares of stock previ-
ously owned by Cyrowski to be transferred to his
name upon the books of the Polish American Pub-
lishing Company and a new certificate of stock for
said 60 shares to be issued to him.

Separate motions were filed on January 15, 1935,
by defendants Frank Januszewski, Stefania Janus-
zewski, John J. Przylubski and Paul Faust to dis-
miss both bills of complaint filed in these causes.
The motions were heard and considered together by
reason of the similarity of facts by the Honorable
Lester S. Moll, circuit judge in and for the county
of Wayne.

For the purpose of simplifying the record and to obviate the taking of testimony, statements were made upon the record by counsel for the respective parties at the time of the hearing on said motions as follows:

"*Mr. Burns:* There were 360 shares of stock in the Polish American Publishing Company, of which August Cyrowski was the owner of 60 shares at the time these suits were commenced; he was the owner of 60 shares of the 360 shares of the corporation at the time he commenced the suits.

"*Mr. LaJoie:* We will admit that there was a judgment against Cyrowski; that this stock was sold to satisfy that judgment and was bought by a man by the name of Faust. Therefore, at this time Mr. Cyrowski no longer owns the shares of stock.

"*Mr. Burns:* And Paul Faust is the owner of the stock, of the 60 shares of stock that Cyrowski owned at the time that he commenced the suits. That the stock was purchased for $9,500 at the sheriff's sale by Faust, purchased by Faust at the sale.

"*Mr. LaJoie:* Yes, we will admit he bought it.

"*Mr. Burns:* And that the stock has been transferred on the books of the corporation and the certificates of stock surrendered and new stock issued.

"*Mr. LaJoie:* I assume that is true, I don't know; I don't dispute it.

"*The Court:* That is the one question that appeals to me. Can Mr. Cyrowski, we will assume that he is alive, could he profit as a judgment creditor in any other capacity than as a stockholder?

"*Mr. LaJoie:* That is right, as a stockholder.

"*The Court:* Is he entitled to any personal judgment in his favor?

"*Mr. LaJoie:* Not at all, only as a stockholder.

"*The Court:* Maybe you misunderstood my question. Does August Cyrowski or his estate, so far as party in interest is concerned, stand alone, or does

it stand simply in the status of a stockholder of the corporation?

"*Mr. LaJoie:* It stands only in the status of a stockholder in this corporation as of the time that this suit was started—as of the time that this fraud was done."

Upon the conclusion of the arguments and the submission of said motions to the court, the bill of complaint in both cases was dismissed.

Plaintiff appeals from the order dismissing his bill of complaint, contending that a minority stockholder who commenced an action in equity to recover his portion of funds fraudulently and illegally diverted from a corporation by its dominating and controlling majority of shareholders resulting in special injuries to his property rights and in violation of fiduciary relationship to said minority shareholder, may continue his suit where it appears that he lost his stock pending said litigation.

The defendants contend that where it appears pending litigation that a plaintiff has parted with all of his interest in the litigation, that the court on motion should dismiss the action without requiring a trial of all of the issues involved in the case; that where it appears that plaintiff's entire claim is based upon his ownership of the shares in a corporation and does not claim that any dividends have been previously declared by the corporation which were not paid him, and he does not claim to be a creditor at the time of the filing of the motion to dismiss, he is no longer a stockholder of the corporation, has no interest in the carrying on of the litigation, and that the motions to dismiss were properly granted.

Appellant insists that the question should have been brought before the court by supplemental

pleadings, and that the issue should have been disposed of at the trial of said cause on the merits, insisting that appellant might have had sufficient reason for setting aside the sale of his stock, insisting that the court had to assume in disposing of said motion not only the sale of said stock but also its validity. In view of the court proceedings hereinbefore quoted had in open court at the time of the hearing on the motions, we are compelled to hold that the present position of appellant is untenable.

There is nothing in the record or in the briefs of the parties to this cause that even tends to indicate that the present owner of the Cyrowski stock, Paul Faust, ever was a party to any plan, scheme or conspiracy to deprive the plaintiff of his stock. The purchase of the stock, as shown by the record, was made at a public sale thereof, in which Mr. Faust was in no way interested, except later as a purchaser, or in which he was in no way involved. He paid $9,500 for the stock, and that portion thereof in excess of the judgment and costs, upwards of $2,500 was paid to plaintiff. Mr. Faust thereby became the undisputed owner of the stock held by the plaintiff at the time of the institution of this suit. We are familiar with the holding of this court that, "Motions to dismiss are a substitute for demurrer, pleas in abatement and pleas to the jurisdiction but cannot be used to try the merits and issues of facts. *Haney* v. *Grand Rapids Trust Co.,* 221 Mich. 160; *Thomson* v. *Kent Circuit Judge,* 230 Mich. 354; *Brotherton Co.* v. *Jackson,* 231 Mich. 604," but in view of the admissions of counsel made in the record at the time of the hearing on the motion, we hold that the foregoing cases cited by plaintiff are not applicable to the questions involved in the instant case.

Counsel for plaintiff contend that Court Rule No. 18, § 1, subd. j (1933) "that the plaintiff assigned or disposed of the cause of action before the bringing of suit," is not applicable here because the appellant did not part with his stock for some 13 months after the bringing of suit.

The statute, 3 Comp. Laws, 1929, § 14010, provides:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought."

In *Michigan Employers Casualty Co.* v. *Doucette,* 218 Mich. 363, we said:

"What was formerly permissive is now mandatory. All suits must be prosecuted in the name of the real party in interest."

We call attention to the following cases as bearing upon this question: *Niles* v. *Ransford,* 1 Mich. 338 (51 Am. Dec. 95); *Webster* v. *Hitchcock,* 11 Mich. 56; *Perkins* v. *Perkins,* 16 Mich. 161; *Brand* v. *Smith,* 99 Mich. 395; *Moore* v. *Smith,* 103 Mich. 387; *Waters, for use of Commercial Casualty Ins. Co.,* v. *Schultz,* 233 Mich. 143.

The record in this case clearly shows from the pleadings and admissions made in open court that no dividends had ever been declared by the Polish American Publishing Company; that the plaintiff was not a creditor of the corporation; that his stock had been transferred subsequent to the filing of his bill of complaint, and that he was thereby divested

of any interest in the corporation or its assets, and that, therefore, the motion for the dismissal of plaintiff's bill of complaint was properly granted.

Order affirmed, with costs to defendants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, SHARPE, and POTTER, JJ., concurred.