BINZEL, Respondent, vs. OCONOMOWOC BREWING COM-
PANY and others, Defendants: WEINSTEIN, Appellant.

*December 8, 1937—January 11, 1938.*

For the appellant there was a brief by *Weinstein & Kline* of Milwaukee, and oral argument by *Ralph E. Kline* and *Maurice Weinstein*.

For the respondent there was a brief by *Evans & Counsell* of Oconomowoc, and oral argument by *N. W. Evans* and *Harold Counsell*.

MARTIN, J.   Prior to the entry of judgment and on October 28, 1936, the attorneys for the Oconomowoc Brewing Company announced in open court that they had no objection to the judgment being entered, but only wanted to be heard on the matter of the period of redemption.   Thereupon, certain testimony was offered as to the value of the property and premises in question.   It appears that the total amount due the plaintiff, as of October 28, 1936, for principal, interest, and taxes was $48,385.03.   The testimony discloses a wide difference of opinion as to the then value of the brewery building, excluding the equipment, also, as to the value of the building with the equipment.   A part of the equipment was subject to conditional sales contracts which had been recorded, and a considerable part of the machinery and equipment was not so attached as to become a part of the real estate.   The court made no finding as to value.   The mediation board appraised the premises, as a whole, at $60,000, and recommended a redemption period of sixty

days. The court gave a redemption period of four months. The sole question on this appeal is, Did the trial court abuse its discretion in fixing the period of redemption? The statute applicable at that time in the foreclosure of land contracts, sec. 281.25 (1), Stats. 1935, provided:

"(1) In any action for the foreclosure of a land contract, or for the performance of such land contract, in which judgment shall be entered prior to April 1, 1937, the court in its discretion may fix a period of redemption not to exceed three years conditioned that during such period the defendant pay the current interest or taxes, or both, in the discretion of the court. This is emergency legislation."

In *Benkert v. Gruenewald,* 223 Wis. 44, 48, 269 N. W. 672, referring to sec. 281.25 (1), the court said:

"The statute may operate, (1) as a legislative declaration that in view of the emergency, the period of redemption may in the court's discretion under certain circumstances be as long as three years (a substantially longer period than has so far been sustained as within a trial court's discretion); or (2) as a proviso that the extreme limits of the period shall be those fixed by the act and that relief shall always be conditioned as specified in the act. The act neither authorizes nor compels the granting of any particular period of redemption, but vests the whole matter within the discretion of the court where it always has been without statute."

Further, at page 49, the court said:

"The situation here is not that presented upon a statutory mortgage foreclosure where there will be a sale and where there may be a deficiency judgment or surplus. In such a case extension of the period of redemption may be effective to protect against a sale at a depressed price and a consequent loss of the mortgagor's equity or entry of a deficiency judgment. In strict foreclosure, however, the debtor must produce and pay the full amount due before expiration of the redemption period or be forever barred of any right or title to the land. Since the balance due after the initial payment upon a land contract represents a much higher percent-

age of the value of the land than is usually the case with respect to mortgages, a default after the first payment on principal comes at a time when the debtor has usually a very small equity in the premises, even if the value is not depressed by some later circumstance."

In *St. Joseph's Hospital v. Maternity Hospital,* 224 Wis. 422, 425, 272 N. W. 669, 671, the court said:

"Were this a case of foreclosure of a land contract involving an ordinary situation, we might hold that the court abused its discretion in prolonging the period of extension to three years. Before enactment of the statutory provision for the one-year period of redemption, which was 'emergency legislation,' and justified on the ground of the emergency arising from the current financial depression, the periods of redemption granted in such cases were short, and except in cases of farm property involving a season's crop, *rarely exceeded sixty days.* Payment of the entire principal sum within this period was ordinarily, if not always, the condition of redemption. Only reasonable prospect of ability to raise the money necessary to redeem would move the court to grant any extended period of redemption. The property involved is primarily the property of the vendor— legal title is in him—and he was considered entitled to its possession unless it appeared that the vendee could and would shortly meet the conditions of the contract respecting payment."

It cannot be said in the instant case that there was a reasonable prospect of ability to raise the money necessary to redeem. The apparent insolvency at the time is clearly indicated by the subsequent bankruptcy of the Brewing Company. In addition to the amount due plaintiff, it appears that the company was indebted to its officers and directors in the sum of $50,000, for cash loans and balances due on salaries. This was.secured by a chattel mortgage and subject to conditional sales contracts aggregating $4,500. Two thousand five hundred dollars was due on income taxes and approximately $1,100 due on the state beer tax. Even assuming the

values as contended for by appellant, we cannot say that the vendee had any substantial equity in the property. The plaintiff had threatened foreclosure proceedings more than a year prior to the commencement of the action. In fact, defendant was in default for more than two years, during which time some efforts were made to refinance but without success. This is not a case in which any substantial amount of the purchase price had been paid. In fact, no payment had been made on the agreed purchase price of $40,000. The defaults which occasioned the foreclosure proceedings were as to interest, taxes, and insurance. The fixing of the period of time within which a vendee under a land contract may redeem is a matter committed to the sound discretion of the court. Upon the conceded facts in this case, there was clearly no abuse of discretion on the part of the trial court in limiting the period of redemption to four months.

*By the Court.*—Judgment affirmed.