Levin, Executrix, Appellant, vs. Grant and others, Defendants: A. L. M. Corporation and another, Respondents.

*April 16—May 20, 1941.*
*September 12—October 7, 1941.*

538

540

For the appellant there were briefs by *Corrigan & Backus* of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

*Harry J. Weisfeldt,* attorney, and *Benjamin Poss* and *Jos. P. Brazy* of counsel, all of Milwaukee, for the respondents.

The following opinion was filed May 20, 1941:

FOWLER, J. From the foregoing statement of facts it appears that after judgment of strict foreclosure of a land contract was entered which gave to defendants nearly two years in which to make payments as required by the judgment or stand barred from all claims under the contract, the parties, ·near the close of the redemption period, by written stipulation, agreed upon a further period of redemption on condition of defendants making payments according to the stipulation, and expressly agreed that in case of failure of defendants to

comply with said conditions the plaintiff might have possession of the premises and the defendants be barred from all claims thereto, and that the plaintiff might have a "writ of assistance" from the court to be put in possession on application therefor. The stipulation further provided that in case the defendants should comply with the conditions of the stipulation the plaintiff would grant to the defendants a further redemption period of one year, upon similar conditions. After the termination of the one-year extension first provided by the stipulation the plaintiff upon petition showing gross defaults by defendants in making payments as required by the stipulation applied to the court for a writ of assistance to be put in possession. The court denied this motion and granted to the defendants on their motion an order reviving the action, making Shumow a party defendant, and relieving the defendants from their defaults and permitting them to make payment into court forthwith of the amount of principal and interest found due on the original land contract, and within seven days to make payment of all delinquent taxes. The plaintiff appeals from these provisions of the order.

It appears from the written opinion of the circuit judge that he was of the view that under the rule of *St. Joseph's Hospital v. Maternity Hospital,* 224 Wis. 422, 272 N. W. 669, 273 N. W. 791, the court had the power under its equity jurisdiction to permit redemption notwithstanding the failure of the defendants to perform the conditions of the stipulation for a further period of redemption made after entry of the judgment. The court treated the situation precisely as it would have treated it had it resulted from failure to make full payment within the time provided by the original judgment, instead of its resulting from a failure of the defendants to comply with the terms of the stipulation.

Under the rule of the *St. Joseph's Hospital Case* above cited the ruling of the court would have been correct had the court been faced with an application by the defendants to

extend the period of redemption fixed by its own judgment. But in the instant case the court is faced with an application by the plaintiff to grant to her rights secured to her by the stipulation of the parties made after entry of judgment. The plaintiff contends that this stipulation was a valid contract, as it manifestly was, and that being such the court was without power to deny the plaintiff the rights and remedies secured to her by that contract.

It is urged by counsel for plaintiff that the general statement of the procedure in strict foreclosure in the opinion in the *St. Joseph's Hospital Case,* page 430, is inconsistent with the decision on demurrer in *Loehr v. Dickson,* 141 Wis. 332, 124 N. W. 293. In the latter case there was a general demurrer to the complaint for failure to state facts constituting a cause of action. The plaintiff contended that the complaint stated a case in tort. The court held that it did not state such a case but that it did state a case on contract. The crucial fact stated was that the defendant by maliciously and purposely concealing himself prevented the plaintiff from making payment within the period of redemption provided by the judgment on foreclosure of a land contract. The court held that the allegations respecting this fact did not constitute a tort but did constitute a breach of duty to perform contractual obligations and therefore stated a cause for nominal damages at least for violation of that duty. But as appears from the opinion on page 338, the court considered that the plaintiff, besides having the right of action pleaded, also had the right to relief in equity either by moving at the foot of the judgment in the foreclosure action to be permitted to redeem, or by commencing an action in equity for such relief. The decision does not conflict in any way with the statement as to practice made in the opinion in the *St. Joseph's Hospital Case.* So far as it is in point here it tends to support the action of the court in the instant case.

Without going into details, we will say that on the affidavits before the court upon the hearings had on the motions of the

parties the court did not abuse its discretion in permitting the defendants to redeem. The question before us is, Did the court, as a court of equity, under the rules of courts of equity relative to granting relief from forfeitures, have power to grant a right of redemption after expiration of the period that the parties by contract entered into after entry of judgment had themselves fixed when the defendants who were bound to perform the stipulated conditions had failed to perform them?

The general rule undoubtedly is, as stated in the opinion in *Loehr v. Dickson, supra,* that a court of equity ordinarily has power, when a party has breached his contract, to protect him against forfeiture resulting from that breach, by motion at the foot of a judgment if that method is available. The question therefore simmers down to whether the rules respecting relief from forfeitures applied by courts of equity, apply to failures to perform contracts made expressly conditional when the party asking for relief has failed to perform the conditions imposed upon him by the contract.

The rule is as well settled that courts of equity will not grant relief from every forfeiture resulting from a breach of a condition in a contract, as that it will generally grant relief from such a forfeiture. Whether such relief will be granted depends on whether the condition which the party has failed to perform is a condition precedent or a condition subsequent. If it is the former, relief will not be granted, but if it is the latter it will be:

"When the contract is made to depend upon a condition precedent,—in other words, when no right shall vest until certain acts have been done, as, for example, until the vendee has paid certain sums at certain specified times,—then, also, a court of equity will not relieve a vendee against the forfeiture incurred by a breach of such condition precedent. But when, on the other hand, the stipulation concerning payment is only a condition subsequent, a court of equity has power to relieve the defaulting vendee from the forfeiture caused by his breach

of this condition." 1 Pomeroy's Eq. Jur. (4th ed.) p. 866, § 455.

It is said in 4 Kent's Commentaries (14th ed.), 143 (*125), that a court of equity "cannot relieve from the consequences of a condition precedent unperformed." The condition of the original instant contract so far as the contract may be considered conditional, was of course a condition subsequent. That was the basis for the granting of the period of redemption in the judgment herein. By the execution of the original contract the vendees acquired an interest in the land. But by the stipulation here involved the vendees acquired no interest in the land. All interest in the land they had, had already attached. That interest was subject to forfeiture by default in future payments upon the land contract itself, but a court of equity had power to relieve from the effect of those defaults, and this power was exercised by the court in entering the original judgment herein. What the defendants acquired by their stipulation after judgment was a conditional right to an additional year in which to redeem, and a conditional right to a second additional year for redemption by making payments during the first additional year according to the stipulation for payments during that year. The condition attached to the right to the second additional year for redemption was clearly a condition precedent. But the condition attached to the first one-year redemption period granted by the stipulation was a condition subsequent. Nonperformance of the conditions for payment worked a forfeiture of that right, but a court of equity had the power to relieve from a forfeiture at any time during that period. But the period of redemption granted by that stipulation expired May 18, 1939, and the defendants by breach of the condition precedent attached to the right to yet an additional time for redemption forfeited such right and from that forfeiture a court of equity cannot relieve them. The defendants never acquired the right to the second period of redemption that was granted to them

by the stipulation only on condition that they made the payments during the first period of redemption. The court could not grant to the defendants a right that they never acquired. By its order the court attempted to grant the defendants a right that they never acquired and from which they were barred by nonperformance of the conditions upon performance of which that right could only vest. By so doing the court made a contract for the defendants instead of merely relieving them from a forfeiture of rights which they had by contract acquired but had lost by nonperformance of the conditions upon which continuance of that right depended, to the latter of which its power was limited. We consider that the court had no power to do this, and that its order must be reversed. This decision in no way conflicts with the rule of the *St. Joseph's Hospital Case, supra,* or the general statement in the opinion therein relating to the practice in ordinary cases of strict foreclosure of land contracts.

Defendants contend that by not moving for relief according to the stipulation promptly when the defendants defaulted in their payments the plaintiff waived the rights and remedies accorded to her by the stipulation. They cite two cases in support of this contention: *Godwin v. Miller,* 199 Wis. 497, 226 N. W. 954, and *Phillips v. Carver,* 99 Wis. 561, 75 N. W. 432. These cases appear to us not in point. There is no finding by the trial court that the plaintiff expressly waived any rights that accrued to her by the stipulation, or a finding of any conduct on her part that operated as a waiver. The court based its decision entirely on its opinion that it deemed its decision "proper, under the equitable powers of the court to relieve from forfeitures." Such power not existing under the rules of courts of equity forbidding relief for breaches of conditions precedent, the decision of the court was erroneous and must be reversed.

*By the Court.*—The order of the circuit court is reversed, and the record is remanded with directions to grant the motion

of the plaintiff for a writ of assistance and such other relief as may be equitable.

Rosenberry, C. J., and Wickhem, J., concur in the result.

A motion for a rehearing was granted on July 7, 1941.

The following opinion was filed October 7, 1941:

Fowler, J. (*on rehearing*). A motion for rehearing was granted and the case reargued because it appeared from the brief of the respondent on the motion that the court had based its reversal on the proposition that a court of equity will not relieve from a forfeiture resulting from breach of a condition precedent, unmindful that the court had previously ruled in *Gates v. Parmly,* 93 Wis. 294, 66 N. W. 253, 67 N. W. 739, that equity will relieve from a forfeiture resulting from breach of such a condition when a contract comprising the condition is one to secure the payment of money. From the original opinion it appears that the stipulation here involved, while a contract containing a condition precedent breached, is clearly one to secure the payment of money.

*Gates v. Parmly, supra,* was not cited by either counsel in the briefs originally filed. Nor is the case cited to the point stated in Callaghan's Wisconsin Digest, to which the writer resorted to ascertain whether the court had ever passed upon the point. The case expressly declared as above stated upon deliberate consideration of the point, and we consider that we should adhere to the rule there stated. This requires us to reconsider what determination should be made of the case and to rule upon a contention of the appellants not discussed in the original opinion.

The appellants contend that the stipulation is a contract to be enforced according to its terms entirely independent of the original judgment and that it is immaterial that under the rule of the *St. Joseph's Hospital v. Maternity Hospital*

*Case,* discussed in the original case, 224 Wis. 422, 272 N. W. 669, 273 N. W. 791, the vendee in strict foreclosure has a right under that decision to relief in equity after the period of redemption fixed by the judgment has expired. The stipulation here involved is one made in the course of judicial proceedings, within the rule of *Southern C. Co. v. Howard Cole & Co.* 185 Wis. 469, 201 N. W. 817, and *Thayer v. Federal Life Ins. Co.* 217 Wis. 282, 258 N. W. 849, although made after rather than before entry of judgment. That appellants' counsel conceived it as such seems to be evidenced by the fact that he sought to enforce it in proceedings in the action albeit the proceeding was taken subsequent to the judgment. By the cases next above cited the stipulation is a contract, but it is subject under *Gates v. Parmly, supra,* to the right of the defendant to be released from the forfeiture under it, whether it be considered as destroying and superseding the right to be relieved from forfeiture under the judgment or not. Whenever and wherever the plaintiff seeks to enforce the contract the defendant is entitled to relief from its enforcement under the rule of equity applicable.

While we consider that the circuit court might properly relieve the defendants from the forfeiture under the second provision of the stipulation, and that the mandate for absolute reversal must be withdrawn, there must be a new determination of the amount the defendants must pay as a condition of relief, and we are of the opinion that the court should also impose as condition of relief a provision securing the plaintiff from liability on the note secured by the $10,000 mortgage on which the plaintiff is personally liable and which the defendants assumed to pay as part of the consideration for the land contract foreclosed by the judgment, if that mortgage has not been satisfied or the plaintiff released from personal liability thereon at the time of the hearing. That mortgage was due and unpaid at the time of the entry of the order and the plaintiff is entitled as a condition of relief to the defendants to be freed from liability for the deficiency

in case of foreclosure of the mortgage and a deficiency on sale of the premises.

*By the Court.*—The mandate entered pursuant to the original opinion herein is withdrawn, and the record is remanded with directions for modification of the order appealed from and for such further proceedings as are necessary to modification of the order as indicated in the opinion. No costs will be allowed to either party, but appellants will pay the clerk's fees.