AMALGAMATED MEAT CUTTERS & BUTCHER WORKMEN OF N. A., A. F. L., LOCAL UNION No. 73, and others, Respondents, vs. SMITH and another, Appellants.*

*May 20—June 16, 1943.*

* Motion for rehearing denied, with $25 costs, on September 14, 1943.

392

For the appellants there were briefs by *Tibbs & Tibbs* of Milwaukee, and oral argument by *Brooke Tibbs.*

*David Beznor* of Milwaukee, for the respondents.

WICKHEM, J. The principal contention of appellants is that the stipulation to settle for $1,000, but if this sum were not paid, judgment to be entered for $6,203, is a contract for a penalty and unenforceable; that it makes no difference that this contract was a stipulation in an action or that the contract was cast in alternative form. In this connection see *Berrinkott v. Traphagen,* 39 Wis. 219; *Minn Billiard Co. v. Schwab,* 179 Wis. 129, 190 N. W. 836; *State ex rel. Southern C. Co. v. Circuit Court,* 187 Wis. 1, 203 N. W. 923. We think that the question proposed by this contention does not represent the proper starting point in this controversy. We are here dealing

with a judgment entered upon this stipulation. Sec. 252.10 (1), Stats., provides that all judgments and court orders may be reviewed by the trial court at any time within sixty days from the service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof. The judgment upon stipulation was entered on April 17, 1942. The notice of entry of judgment was served on April 20, 1942. The motion to set aside the judgment by defendants was made on July 13th—not only more than sixty days after service of notice of entry of judgment, but also after the end of the term. The court had lost all jurisdiction to review the judgment, and defendants' motion coming after the term, the court's sole jurisdiction to set aside the judgment except for fraud upon the court, which is not involved here, is created by sec. 269.46 (1) which provides in substance that the trial court may upon notice and just terms at any time within one year after notice thereof relieve a party from the judgment, order, stipulation, or other proceeding against him obtained through his mistake, inadvertence, surprise, or excusable neglect. The application of July 13th, on which the September 16th order is based, sets up none of the matters listed in sec. 269.46 (1) as grounds for relief, nor do the affidavits show that the judgment was obtained through mistake, surprise, or excusable neglect. There is applicable to the facts of this case what was said by this court in *In re Coloma State Bank,* 229 Wis. 475, 477, 282 N. W. 568. In that case appellant relied upon sec. 269.46 (1). "The petition and order to show cause did not make any showing that the order against the Banking Commission had been obtained through mistake, inadvertence, surprise, or excusable neglect. It merely asked that the order be opened for the purpose of reversing its alleged erroneous features." That is precisely what the application of July 13th amounted to. The petition of November 5th, while asking for relief at the foot of the judgment upon the grounds that its enforcement would result in enforcing a penalty and would

be unconscionable, is merely an attempt in different language to obtain a rehearing of the application of July 13th. *Wendt v. Dick,* 219 Wis. 230; 262 N. W. 576. The time for appealing from the judgment has fully expired. Under these circumstances, we consider that contentions as to the nature of the stipulation are not before us. We are dealing here with a valid judgment entered without fraud or imposition upon the court and not through defendants' mistake, inadvertence, surprise, or excusable neglect. The statutory period for review by the trial court had elapsed before any motion to review was made. The time for appeal from the judgment has passed. If the stipulation considered solely as a contract called for a penalty it was no more than error for the trial court to enter judgment upon it. The trial court had lost all jurisdiction to review the judgment.

The suggestion that by asking for relief at the foot of the judgment in the application of November 5th the jurisdiction of the trial court was somehow restored is wholly without merit. So far as the judgment for $6,203 is concerned, this is an ordinary judgment at law in which the court had no control of the judgment other than that accorded it by statute. The cases of *Levin v. Grant,* 238 Wis. 537, 298 N. W. 63, 300 N. W. 169; *Loehr v. Dickson,* 141 Wis. 332, 124 N. W. 293; and *St. Joseph's Hospital v. Maternity Hospital,* 224 Wis. 422, 429, 272 N. W. 669, 273 N. W. 791, are all cases in which the subject matter of the action was within the control of a court of equity and the court had jurisdiction to grant relief at the foot of the judgment. In the *St. Joseph's Hospital Case* this court said:

"As indicated above, the decisions above cited under the Kansas statute are based upon the proposition that the judgments involved were final judgments of the court,—judgments that absolutely ended the litigation between the parties. A judgment of strict foreclosure of a land contract does not produce absolute finality. In such judgments, a subsequent order barring the defendant's interest and claims for want of re-

■

demption is essential in order to declare and quiet title in the plaintiff, and a writ for removing the defendant from the premises is contemplated in case it becomes necessary. Proceedings at the foot of the judgment are a matter of course in these cases and the litigation is not at an end until they are taken. It would seem, *a priori*, that until the final order contemplated, an order making the judgment absolute, has been entered, anything discretionary might properly be done by the court that has material bearing upon the equities of the parties respecting the order finally ending the litigation between them."

This rule is plainly inapplicable here for the reasons already indicated.

*By the Court.*—The order of September 16, 1942, is affirmed. The appeal from the order of November 24, 1942, is dismissed.