ESTATE OF DELMADY: PATRYKUS and another, Appellants, vs. FISHER, Special Administrator, and another, Respondents.

*April 8—May 13, 1947.*

*Theo. W. Brazeau* of Wisconsin Rapids, for the appellants.
*W. E. Fisher* of Stevens Point, for the respondents.

WICKHEM, J. Movants' first contention is that sec. 274.11, Stats., as it stood prior to amendment by rule of this court required notice to be served on all adverse parties whether they appeared in the action or not and that this was not done; that the rule of this court enacted July 1, 1945, in the exercise of its rule-making power and amending the statute by inserting the words "who appeared in the action or proceeding" establishes a rule of substantive law and is in excess of the powers of the court. It is conceded that the notice of appeal was properly served if the statute as amended by rule of court is valid.

Movants contend that appeals being statutory in origin cannot be dealt with by this court under its rule-making power. *Benton v. Institute of Posturology, Inc.,* 243 Wis. 514, 11 N. W. (2d) 133. In this case it was suggested that sec. 274.12, Stats., as it then stood produced so much inconvenience and injustice and was so nearly impossible to apply that legislative relief should be sought. Thereafter, the advisory committee recommended adoption of the amendment to the statute by rule of court after concluding that the subject matter of the amendment was procedural in character since it neither created nor

conditioned the right of appeal but simply regulated the procedure upon appeal. The matter was considered by this court and the conclusion reached that the right of appeal having been established by the legislature such a procedural detail as is involved in the amendment is within the power of the court to regulate under its rule-making power. We adhere to this conclusion.

The United States supreme court in *Kring v. Missouri,* 107 U. S. 221, 232, 2 Sup. Ct. 443, 27 L. Ed. 506, adopts as accurate the following statement in Bishop on Criminal Procedure. Practice means "those legal rules which direct the course of proceeding to bring parties into the court and the course of the court after they are brought in." We regard this statement as sound and applicable. The subject matter of the amendment involved here is procedural because designed and calculated to promote the fair, expeditious, and economical administration of appeals in order that the substantial rights of the parties may be determined without delay, confusion, or vexation. We appreciate the need for exercising care and discrimination because some rules of substantive law are couched in terms of procedure. For example, a conclusive presumption appears to be a rule of evidence but by making immaterial the fact conclusively presumed states a rule of substantive law. Certain privileges arising out of specified confidential relationships are protected by what are in terms rules of evidence excluding forbidden disclosures. These rules, however, do not exist to aid the ascertainment of truth, clarify the issues, or expedite trials but rather to enforce a general public policy having no relation to matters of procedure. The amendment in question merely regulates the manner of bringing parties before this court upon an appeal. It neither creates nor conditions a litigant's right to appeal. It has to do with the mechanics of properly bringing an appeal to the attention of this court and its purpose is to furnish a just and expeditious procedure in order that the substantial right to appeal may not be lost in a

welter of red tape. To repeat the standard recognized by the United States supreme court, the rule directs the course of proceeding to bring the parties into court and the course of the court after they are brought in. We conclude that the amendment is safely within the rule-making power. We are also of the view that since rules of court are statutory in form the principle that obtains as to statutes changing procedural rules is applicable to them. Such rules have always been applied to pending cases although enacted after the decision of the trial judge. *State ex rel. Sheldon v. Dahl,* 150 Wis. 73, 135 N. W. 474; *Read v. Madison,* 162 Wis. 94, 155 N. W. 954; *Levy v. Birnschein,* 206 Wis. 486, 240 N. W. 140; *Pawlowski v. Eskofski,* 209 Wis. 189, 244 N. W. 611; *St. Joseph's Hospital v. Maternity Hospital,* 224 Wis. 422, 272 N. W. 669, 273 N. W. 791.

The next contention is that there should be a dismissal for failure to file the record in this court within twenty days from perfecting the appeal. The order appealed from was entered June 15, 1945. The time during which an appeal could be taken expired August 14, 1945. This time could have been extended by the county court to June 15, 1946, for "any cause without fault on his part . . . but not later than one year after the act complained of" (sec. 324.05, Stats.). The appeal was actually taken August 10, 1945. The record was not sent from the county court until February 6, 1947, and was not filed in this court until February 8, 1947. It is contended that this was a violation of Rule 4 of the rules of this court which requires filing the return within twenty days after perfecting the appeal. It appears from the affidavits filed in connection with the motion that decedent had two brothers, Owen Tracy and Charles Brown, and a sister, Mary Delmady; that the whereabouts of Brown and Mary Delmady were unknown at the time of the hearing and that they had not been heard from for more than twenty years prior to the death of decedent; that neither Charles Brown nor Mary Delmady appeared in the action, the

sole party appearing being Owen Tracy, who contested the probate of the will. After the notice of appeal was served on August 10 and 11, 1945, a bill of exceptions was prepared, served, and settled. Thereafter, appellants were notified by Tracy's attorney that Tracy had died, but the time and place of his death were not communicated to them. Appellants conducted an investigation to determine when and where Tracy died and of what state he was a resident at the time of his death. Thereafter, being unsuccessful, appellants requested Tracy's attorney to have an administrator appointed of his estate but the latter, being uncertain as to his right to represent the heirs of Tracy, made no attempt to have such appointment made. After eight months and numerous requests for the appointment of such an administrator appellants caused a special administrator to be appointed so that service of briefs, pleadings, and other matters in connection with the appeal might be served upon him. It thus appears that the return was delayed to obtain a substitution of parties and to have the proper parties before this court. The motion to dismiss was not made until after the record was actually filed in this court.

From the foregoing we conclude that there was no neglect to prosecute this appeal; that the delay was unavoidable and in no way prejudiced respondents.

For the foregoing reason the motion to dismiss the appeal is denied.

*By the Court.*—Motion denied, with $25 costs.